THE GAINESVILLE, JEFFERSON AND SOUTHERN RAILROAD *vs.* WALL.

Where it was shown that a cow was killed by a train, the railroad company should have produced all the witnesses present, to show that the company was not at fault. Where the engineer and fireman were always present on the engine, but only the former was sworn as a witness, and the absence of the latter was not accounted for, this was a circumstance from which the jury might infer that, had the other witness been introduced, his testimony might have shown negligence on the part of the company; and the verdict against the company was not without evidence to support it.

October 13, 1885.

Railroads. Negligence. Damages. Before Judge ESTES. Hall Superior Court. February Term, 1885.

Reported in the decision.

DUNLAP & THOMPSON, for plaintiff in error.

G. H. PRIOR; W. S. PICKRELL; W. F. FINDLEY, for defendant.

BLANDFORD, Justice.

This case was a *certiorari* to grant a new trial because the verdict of a jury in a justice's court was without evi-

dence to support it. It appears from the record that the plaintiff in error ran over a cow and killed her, belonging to defendant, and that the cow was worth as much as the jury found by their verdict. The only witness who testified in behalf of the plaintiff in error was the engineer, and his testimony showed that the railroad company had used all ordinary and reasonable care and diligence, but the fireman, who is always on the engine with the engineer, did not testify, and his absence was not accounted for. The court overruled the *certiorari* and refused the new trial.

This court has held, in 64 *Ga.*, 619, that the railroad company should produce all the witnesses present to show that the company was not at fault.

The absence of a material witness when an injury occurred, not accounted for, might authorize the jury to infer against the railroad company ; they might believe that, if the fireman had been produced and had testified, his testimony would have shown negligence on the part of the railroad

This is a small case, and we are not inclined to interfere with the discretion of the court in refusing to award a new trial. See the case of *East Tennessee, Virginia & Ga. Railroad vs. Prather et al.,* 74 *Ga.,* 838.

Judgment affirmed.