# THE EAST TENNESSEE, VIRGINIA AND GEORGIA RAILROAD *vs.* CULLER.

Where suit was brought for the killing of a mule by a railroad train and on the trial only the engineer was sworn for the defendant, to show the use of all ordinary and reasonable care, although he testified that the fireman was engaged in firing at the time; and where there was a difference of opinion about the distance at which the mule could have been seen, and there was some conflict between the testimony of the engineer and statements testified by other witnesses to have been made by him as to reversing the engine and blowing on the brakes, there was no abuse of discretion in refusing a new trial on the ground that the verdict was contrary to law and evidence.

(*a.*). To rebut the presumption against the railroad company successfully, it is better that the agents of the company stationed on the engine should be all called.

October 27, 1885.

Railroads. Negligence. Damages. New Trial. Before Judge PATE. Pulaski Superior Court. November Adjourned Term. 1884.

Culler brought suit against the East Tennessee, Virginia and Georgia Railroad for the killing of a mule. On the trial, the evidence for the plaintiff was, in brief, as follows: The mule was put in a lot in Cochran at night, but got out and went about one and a half to two miles; next morning it was found cut in half, lying beside the track of the defendant. The tracks of the animal indicated that it had gone up the railroad track, and had then turned and gone back to the point where it was killed. One witness said that its tracks indicated that it had been running. The distance at which such an obstruction could have been seen was estimated to be at least one hundred yards by one witness and forty or fifty by another. One witness testified that the engineer stated that he did not blow the whistle or reverse the engine; that he was only about ten feet from the mule when he discovered it, and it was too late to do so.

The defendant introduced the engineer, who testified, in brief, as follows: Was running up grade and around a curve, about nine o'clock at night. Headlight was in perfect order, but could not see more than fifteen or twenty yards on a straight track, on account of mist forming on glass. Was running about twelve or fifteen miles an hour, schedule speed. Saw obstruction about ten or fifteen feet ahead. It was at a trestle, and appeared to be lying on its stomach with its legs hanging down. The train could not have been stopped in four hundred yards. Blew whistle and reversed engine, but could not stop. Thought at the time it was a cow. The fireman was engaged in firing.

Another witness testified that he did not think the mule could have been seen over twenty yards. The witnesses variously estimated the value of the mule at from $100 to $200.

The jury found for the plaintiff $150. The defendant moved for a new trial, on the grounds that the court refused a non-suit; that the verdict was contrary to law and evidence; and that the court admitted certain evidence (not material to set out). The motion was overruled, and the defendant excepted.

Bacon & Rutherford, by brief, for plaintiff in error.

Grice & Ryan, for defendant.

Jackson, Chief Justice.

The presumption fixed by law is that the agents of the company did not exercise all ordinary and reasonable care to save the life of the mule. Code, §3033.

Is it made to appear that the agents of the company have exercised all ordinary and reasonable care? Two agents are in position to see stock on the track ordinarily, the engineer and fireman. Only the engineer was sworn. True, the engineer says that the fireman was engaged with firing the engine at the time; but it would have been

v 75-45

better had he been called to swear for himself. It is a troublesome presumption to be overcome, and to do it successfully, it is better that the agents of the company stationed on the engine should be all called on such a catastrophe.

There seems to have been a difference of opinion about the distance the mule could have been seen; and while the engineer had much the advantage of position to judge how far he could see that night, over those who reviewed the scene next day, yet the jury has the right and duty of weighing all the evidence.

Besides, the engineer testified that he reversed the engine and blew on brakes; and a witness testified that the engineer told him that he did neither, he was too close on the mule.

Considering the failure to swear the fireman, the difference of opinion about the distance the mule might have been seen if the agents of the company had been on the alert, and the contradictory statement of the engineer on the stand and off it, according to what the witness said he told him, we cannot say that the court abused its discretion in denying the new trial.

Judgment affirmed.