## THE SAVANNAH, FLORIDA AND WESTERN RAILWAY *vs.* GRAY.

Where, in a suit brought against a railroad company for the killing of a colt, there was no conflict in the evidence as to the material facts, but it was plain from the evidence, taken as a whole, that the killing was the result of an inevitable accident, which all the caution and prudence that could have been exercised would not have prevented, a verdict against the defendant was not sustained by the evidence, and should have been set aside. Nor, in such a case, will the mere failure to introduce the engineer or fireman as a witness be sufficient to warrant a verdict against the defendant, it appearing that the engineer had quit the employment of the company and gone to Florida, where his residence could not be ascertained, so as to enable it to get his testimony, and that the fireman, at the time the damage was done, was on the bottom of the tender, attending to his duties, and could not have seen the animal on the track as the train approached it.

(*a.*) The presumption of negligence against a railroad company, where property is injured by the running of its trains, is a disputable presumption, and may be rebutted like other such presumptions. In judging of the comparative weight of evidence, if a party has evidence in his power and within his reach by which he may repel a claim or charge against him, and omits to produce it, this supplies a presumption that the charge or claim is well founded, and this presumption attaches with more force in cases where a party, having more certain and satisfactory evidence in his power, relies on that which is of a weaker and inferior nature ; but such is not this case.

(*b.*) The cases of the *Gainesville, Jefferson and Southern Railroad vs. Wall,* 75 *Ga.* 282; *East Tennessee, Virginia and Georgia Railroad vs. Culler, Id.* 704, *and Davis & Hatcher vs. Central Railroad, Id.* 645, considered and distinguished from this.

February 26, 1887.

Railroads. Damages. Negligence. Witness. Presumptions. Verdict. Before Judge BOWER. Decatur Superior Court. May Term, 1886.

Reported in the decision.

D. A. RUSSELL; A. L. HAWES, for plaintiff in error.

JOHN E. DONALDSON; O. G. GURLEY, for defendant.

HALL, Justice.

This was a suit against the Savannah, Florida and Western Railway Company to recover damages for killing a colt, the property of the plaintiff, by the running of the locomotive and cars of the company, in which a verdict was rendered against it for the proved value of the colt.

The case made by the plaintiff was, that some half hour after the alleged casualty, the colt was found dead near the railroad track, having been badly mutilated and wounded; that from appearances, it had tried to cross the track and came in collision with the engine. Its tracks were discovered ascending the bank, and on the portion of the railway track where the damage seems to have been done. There were no tracks of the animal going up or down the railroad. There was no question that it was killed by the engine; to and overcome the presumption existing against the railroad in such cases, that the injury was the result of negligence on the part of its employés, the company showed, by one of them who was on the engine, that the colt jumped on the railroad track so near the engine that no diligence would have availed on the part of those in charge of the train to prevent the collision. They did not introduce the engineer or the fireman, however, or otherwise account for them, than by showing that the engineer had quit the employment of the company and gone to Florida, where his residence could not be ascertained so as to enable them to get his testimony. The fireman, at the time of the damage, was on the bottom of the tender, attending to his duties, and could not have seen the animal on the track, for as it was

approaching the train, which was the fast mail train of the company, it was running at a high, though not unusual, rate of speed. And it further appeared that the engineer, had he been on the lookout, could not have seen the animal when it got on the track.

There was no necessary conflict in the evidence of the plaintiff and the defendant in this case as to the manner of the killing, it not being contested that the colt was killed by the running of the defendant's engine. The circumstances testified to by the plaintiff, and the account given of the actual occurrence by the railroad employé who testified, were not opposed to each other, and render his account of the circumstances of the occurrence altogether probable and true.

The killing seems to have been the result of one of those sudden emergencies against which no foresight or prudence could have guarded. The only contention on the part of the plaintiff is that the presumption against the company was not overcome, because of its failure to introduce as witnesses all the persons who were in charge of the engine and tender; and he relies on several decisions of this court to sustain that position, especially on the case of the *Gainesville, Jefferson & Southern Railroad Co. vs. Wall*, 75 *Ga*. 282, where it was held that when the engineer and fireman were both present, and only the former was sworn as a witness, this was a circumstance from which the jury might infer that, had the other witness been introduced, his testimony might have shown negligence on the part of the company; and for this reason, the verdict against the company was not without evidence to support it. In the *East Tenn., Va. & Ga. R. R. vs. Culler*, same term, 75 *Ga*. 704, it was said that the presumption of negligence against a railroad company in such a case is a troublesome one to overcome, and to do it successfully, it is better that the agents of the company stationed on the engine should be all called. In *Davis & Hatcher vs. Central Railroad*, same term, 75 *Ga* 645, this question again came up, and

it was there held that, in an action for damages against a railroad company, resulting from the running of the engine and cars, if the engineer were introduced as a witness and the fireman were unaccounted for, this might authorize an inference on the part of the jury against the road, and they might believe that the fireman had been kept away because he knew something which might be detrimental to the company; but they were not compelled so to believe, and could believe the testimony of the engineer if they saw proper, and, where the fireman was accounted for and produced in court where he could have been examined by the plaintiff, such an inference could not be drawn because he was not sworn.

When the killing of the colt by the train was proved, the burden was upon the railroad company to show that its agents and employés were in the exercise of all ordinary care and diligence, the presumption being that it was at fault. But why this presumption is more troublesome than other disputable presumptions, or why a greater amount of testimony is required to overcome it than others, it is not easy to explain. Ordinarily, and except in specified cases, one credible witness would be deemed sufficient to establish a fact. Code, §§3754–5. Generally it would seem that all persons having knowledge of the transaction need not be produced to overcome such a presumption, and that an inference, unfavorable to the party repelling the presumption, would not be warranted because he failed to produce on the trial all persons who were cognizant of the facts from which the presumption to be rebutted arose It seems to be well settled, in judging of the comparative weight of evidence, that where a party has evidence in his power and within his reach by which he may repel a claim or charge against him, and omits to produce it, this supplies a presumption of fact that the charge or claim is well-founded. This presumption attaches with more force in cases where a party, having more certain and satisfactory evidence in his power, relies upon that which is of a

weaker and more inferior nature.    Starkie's Evidence, 846.
In the case at bar, the railroad company did not rely, as
we understand, upon weaker or more inferior evidence
than that which was produced, or withhold any evidence
of a superior character and weight from the consideration
of the jury    The objection here urged seems to be as to
the deficient quantity rather than the quality of the testi-
mony.    That all the evidence which would have repelled
the presumption raised by the casualty against the rail-
road, was not produced, would, upon principle, scarcely
seem to warrant a presumption that the company pur-
posely withheld from the jury evidence which would have
effectually overthrown the presumption against it.    The
principle relied on in this case is at most an exception to
the general rule, and it should be resorted to only in cases
where the facts are similar to those in which it has been
recognized and enforced.

In most, if not all of the instances cited from our reports,
in which it has been held advisable, if not essential, there
has been a direct conflict of evidence in material facts
from which it arose.    In this case no such conflict exists.
It is plain from the evidence, taken as a whole, that the
killing of the colt by the company's engine was the result
of an inevitable accident, which all the caution and pru-
dence that could have been exercised would not have
prevented.    We are forced to the conclusion that this ver-
dict should have been set aside and a new trial granted,
because there was no evidence to authorize it, and because
a different verdict would seem to have been imperatively
demanded by the proofs in the case.

Judgment reversed.