## CENTRAL OF GEORGIA RAILWAY CO. *v.* BERNSTEIN.

1. Where the issue is whether a certain blast was made with due care, and it appears that this blast was part of a job of blasting lasting continuously for some days, it is proper to admit evidence tending to show that there was negligence in the manner in which the blasting was done at times before and after the particular blast under consideration.
2. In such case it was not error to charge that the jury might consider such evidence in determining the character of the particular blast in question.
3. A charge that, while in a given instance a permit should have been in writing, the party acting under an oral permit should not be " chargeable with laches," is not hurtful to such party as intimating that he had not complied with the law unless he had obtained a written permit.
4. Where one, in doing certain blasting within a city, injures property of another, the fact that the former has fully complied with the regulations of the city authorities as to the manner in which the blasting should be done will not relieve him of liability if the blasting was done without due care.
5. Where it does not appear that either party has suppressed evidence within his power to produce, it is error to charge the jury as follows : " It is the duty of parties bringing cases into court, whether plaintiff or defendant, to furnish the best evidence at their command and to furnish witnesses cognizant of the facts. Parties can explain the reasons for not producing the witnesses ; if not explained and not produced, the presumption is that they would not sustain the contention of the party."
6. To charge the jury : " You will consider the interest of the parties, consider the relationship as well as the employment as calculated to bias ; whether it biased in this case," is not erroneous as intimating that " employment would necessarily bias a witness."
7. Solely because of the error dealt with in the fifth headnote, a new trial is ordered.

*Submitted March 2, — Decided March 28, 1901.*

Action for damages. Before Judge Cobb. City court of Athens. April 10, 1900.

*Dessau, Harris & Birch,* for plaintiff in error.

*Henry C. Tuck,* contra.

SIMMONS, C. J.  An action was brought by Mrs. Bernstein against the Central of Georgia Railway Company.  The petition alleged, that the defendant's agents and employees, while engaged in constructing a warehouse for the defendant in the city of Athens, Georgia, did certain blasting to prepare a site therefor; that this blasting was carried on for several days; that the blasting was done negligently, excessively, large charges of dynamite being used without taking sufficient precautions to prevent injury to persons and property in the neighborhood; that plaintiff had a livery-stable some seventy-five or one hundred yards distant; and that a very large rock was blown up by the blasting and thrown upon the roof of the stable, penetrating the roof, and so wounding one of plaintiff's horses therein that he died a few weeks thereafter.  It was further alleged that, before the time of the injury to the horse, plaintiff had notified the defendant's agents of the danger of blasting in such negligent manner.  She further alleged that the injury was wholly due to the negligence of the defendant.  The defendant denied all of the material allegations of the plaintiff's petition, and alleged that the injury to the horse was not caused by any negligence on the part of defendant, but was due to the plaintiff's own negligence. Upon the trial the plaintiff introduced evidence tending to sustain all of the allegations of the petition, while the defendant introduced evidence tending to show that the horse was not struck by the rock thrown up in blasting, but was injured by excessive work.  Defendant also sought to show that its agents and employees were duly authorized by the city authorities to do the blasting, and that the same was done in a careful and proper manner.  The jury found for the plaintiff.  The defendant moved for a new trial; the judge overruled the motion, and the defendant excepted.

1. Several of the grounds of the motion for new trial complain of the admission of evidence as to the manner in which the agents and employees of the defendant carried on the work of blasting prior to and after the time of the alleged injury to the plaintiff's horse.  This evidence was objected to on the ground that it was irrelevant and immaterial, and sought to prejudice defendant's case by proof of acts of negligence not connected with the particular act complained of.  It appeared that the work of blasting was carried on

for some two weeks, and that the plaintiff's horse was injured during that time.   The evidence objected to tended to prove that before, after, and at the time of the injury the blasting was negligently done and threw many rocks in all directions.   Such of this evidence as related to the character of the work done before the time of the injury to the plaintiff's horse was admissible to show that the defendant ought to have foreseen the danger of such a casualty and to have provided against it.   And we think that all of the evidence was admissible to aid the jury in determining whether or not there was negligence in the particular blast by which the damage complained of was occasioned.   Evidence that negligent blasting threw rocks in all directions might be looked to by the jury in determining whether the blasting was negligently done which threw the rock upon the plaintiff's stable.   As to the admissibility of this evidence on the idea that negligence upon other occasions may be considered by the jury as showing a probability that there was negligence upon the particular occasion in question, the authorities are in conflict.   *Savannah, F. & W. Ry. Co.* v. *Flannagan*, 82 *Ga.* 579, and cases cited. Under the decision just cited, "doubtful evidence is to be admitted rather than excluded."   In that case, to show probable negligence on the part of a locomotive engineer at a certain time and place, evidence was admitted as to his having been negligent at other times at the same place.   The evidence admitted in the present case has not the same doubt attached to it.   The blasting done by the defendant was at some distance from the plaintiff's place of business, and the plaintiff could scarcely have shown that there was negligence in the particular blast by which the damage was done, except by evidence of this character.   The work was continuous. Such blasting as was done may be considered as a single job or undertaking which it took a number of days to complete.   This being true, it seems to us that the jury could properly infer, from evidence showing negligence in the blasting done at various times during the continuance of the undertaking, that the same negligence attended the blast by which the plaintiff's property was injured.   The evidence tended strongly to show that all of the blasting, including that directly in question, was done without due care and diligence. We think, therefore, that there was no error in refusing to grant a new trial upon the grounds complaining of the admission of this evidence.   One of the witnesses to whose testimony objection was

made was uncertain as to the time when the blasting was done, but testified that, while the defendant's agents were doing the blasting, rocks dropped on his office, and that he remembered one particular rock that struck just in front of his office. He thought some one was blasting a well at about the same time, but testified that the rock came from the direction of the defendant's work and not from the direction of the well. This evidence, we think, is not materially different from that just dealt with. It does not positively connect the defendant with the act to which the witness testifies, but the jury could very well have believed from his evidence that the rock which fell in front of his office was thrown by the blasting done by the defendant. If they so believed, then the evidence was identical, in point of admissibility, with that discussed above.

2. The court charged the jury as follows, in reference to this evidence: "The court has permitted evidence in other cases of blasting to go to the jury only as circumstances for you to weigh in coming to a conclusion as to the character of this particular blast. Determine whether this particular blast was done in the same manner as in previous or subsequent blasts. The court will permit you to consider the evidence as to the character of other blasts, solely to aid you in arriving at the conclusion whether the same character of blasting prevailed in this particular blast." Complaint is made of this charge, that it is incorrect as matter of law, and that it permitted the jury "to consider the character of the other acts in no wise connected with the particular act complained of." We think this charge was not error. It confined the consideration of the evidence to determining "whether the same character of blasting prevailed in this particular blast." If a certain blast produced a given result and the evidence showed that the same result was produced by other blasts negligently made, could not the jury infer that the first-mentioned blast was also negligently made? And is not the inference especially strong where the blast under investigation is one of a continuous series, and the evidence relates to other blasts of this series ? We find no error in the charge.

3. It appeared that the defendant had only an oral permit from the mayor of the city to do the blasting, and that the city engineer, acting under the directions of the mayor, visited the scene of the blasting and prescribed regulations as to how the defendant's employees should do the work. The plaintiff introduced in evidence

an ordinance of the city, prescribing that blasting of this character shall be unlawful if done " without a permit from the mayor, which permit shall prescribe the place or places blasting shall be done and prescribe regulations for making such blasting consistent with the safety of other citizens and property." The judge charged: " This section prescribes that the permit shall specify the manner in which the blasting shall be done. I charge you that the apprehension of the court is that this permit must be written, but the court charges you that if the application for the permit was made by the defendant and the mayor gave an oral permit and delegated his authority to another, the defendant would not be chargeable with laches." This charge was complained of as "calculated to mislead the jury into the belief that the defendant had not complied with the law if it did not obtain a written permit." In our opinion the charge was not subject to such a criticism. So far from injuring the defendant in any way, it expressly instructed the jury that the defendant was not chargeable with the failure of the mayor to comply with his duty in issuing a proper written permit.

4. The court charged: " Inquire what direction the city engineer gave, if he did give directions. It would not be conclusive upon this subject should the mayor, himself or through the engineer, have given directions not requiring ordinary care and diligence. Inquire whether the directions did require ordinary care and diligence." This charge was complained of as incorrect, and as taking from the defendant "its defense that it had complied with the reasonable regulations laid down by the city." We think the charge was correct. The fact that the defendant had complied with all the regulations prescribed by the city authorities would not relieve it of liability if it had been in fact negligent. The question as to whether the defendant had used ordinary care and diligence was one for the jury. While the nature of the city regulations and the defendant's compliance with them may have been of assistance to the jury in solving this question, the finding might properly have been that, although the defendant complied fully with all the city regulations, it was still negligent. The defendant owed to the plaintiff the duty of using a certain degree of care to avoid damaging her, and that degree of care could not be lessened or changed by any regulations in the permit given by the city authorities.

5. Complaint was also made of the following charge: " It is the

duty of parties bringing cases into court, whether plaintiff or defendant, to furnish the best evidence at their command, and to furnish witnesses cognizant of the facts.    Parties can explain the reasons for not producing the witnesses; if not explained and not produced, the presumption is that they would not sustain the contention of the party."    This charge was erroneous.    The defendant had introduced as witnesses several of its employees who had participated in doing the blasting.    It could have been inferred from the evidence that the defendant had a large body of workmen employed where the blasting was going on, but it did not appear either that the men not introduced knew anything of the matters in issue or that such men were at the time of the trial within the control or even in the employment of the defendant.    Even had all of these men been cognizant of the facts and accessible to the defendant, there was no duty on the defendant, after introducing several witnesses to support its contentions, to add to their evidence the cumulative testimony of every other of its employees.    It had a perfect right to rest its case whenever it believed it had introduced enough evidence to establish its defense.    It would then have to suffer the consequences if the jury deemed this evidence insufficient, but it would have failed in no duty, and no presumption could, on that account, arise against it.    It would have been improper even to charge the provisions of section 5163 of the Civil Code; for "it could not be said that the [defendant] had more certain and satisfactory evidence in [its] power to sustain [its] contention and yet relied on that which was of a weaker and inferior nature," even if the employees not introduced had been shown to be cognizant of the facts and within the power of the defendant.    *Anderson* v. *So. Ry. Co.*, 107 *Ga.* 500.    It was all the more improper in a case like the present, where it did not appear that the employees not introduced knew anything of the material facts, or that they were within the power or control of the defendant, to charge that there was any duty to furnish witnesses, or that an unexplained failure to do so could raise a presumption against the party.    " Where it does not appear that the party holds back evidence within his power to produce, the non-production of more full and definite evidence than he presents raises no presumption against him ; and there should be no charge given to the jury on the subject of such a presumption." *Schnell* v. *Toomer*, 56 *Ga.* 168.    See also *Savannah, F. & W. Ry.* v. *Gray*, 77 *Ga.* 440 ; *Weinkle* v. *Railroad Co.*, 107 *Ga.* 367.

6. The court charged: " You will consider the interest of the parties, consider the relationship as well as the employment as calculated to bias; whether it biased in this case." . This charge was complained of as intimating that " employment would necessarily bias a witness," and as being prejudicial to the defendant's case, defendant's witnesses being employees. If by the term " parties " the court meant " witnesses," this charge properly instructed the jury that they might consider the interest of the witnesses, whether it arose from relationship or from employment. Relationship or employment may give rise to such an interest in the case as would bias a witness, and there was no intimation whatever in this charge that either would necessarily do so.

7. The remaining grounds of the motion for new trial complain that the verdict was contrary to law or evidence. These it is not necessary now to discuss. The judgment is reversed and a new trial ordered solely upon the ground dealt with in the fifth point of the syllabus. *Judgment reversed. All the Justices concurring.*