## BROTHERS *et al. v.* HORNE.

FISH, C. J.　1. "In all civil cases the preponderance of testimony is considered sufficient to produce mental conviction. In criminal cases a greater strength of mental conviction is held necessary to justify a verdict of guilty." Civil Code, § 5730.

(*a*) Trover being a civil case, a preponderance of evidence in favor of the plaintiff is sufficient to authorize a recovery, although the contention of the plaintiff be that the defendant came into possession of the property sued for by committing a crime. *Atlanta Journal* v. *Mayson*, 92 *Ga.* 640 (18 S. E. 1010, 44 Am. St. R. 104) ; *Drakeford* v. *Adams*, 98 *Ga.* 722 (25 S. E. 833).

(*b*) The court in such a case having correctly instructed the jury as to the meaning and application of the rule of preponderance of evidence, it was not cause for a new trial to refuse a written request to give a charge to the effect that, before the plaintiff could recover, the evidence must be sufficient to establish the crime and that the defendants committed it, not beyond a reasonable doubt, but to the reasonable satisfaction of the jury.

2. If two persons conspire to steal certain personalty, and one of them actually commits the larceny while the other is present aiding and abetting the theft in pursuance of the conspiracy, both are liable in trover brought by the owner against them; and the fact that the abettor never takes actual possession of the stolen property or any portion thereof, but all of it is appropriated to his own use by the one who actually commits the theft, does not relieve the abettor from liability in trover for all of the stolen property. See *Merchants &c. Transportation Co.* v. *Moore*, 124 *Ga.* 482 (52 S. E. 802), wherein it was held: "Any distinct act of dominion wrongfully asserted over another's property in denial of his right, or inconsistent with it, is a conversion. It is unnecessary to show that the defendant applied it to his own use, if he exercised dominion over it in defiance of the owner's right, or in a manner inconsistent with it. It is in law a conversion whether it be for his own or any other's use." The instructions on this theory of the case were not erroneous for any reason assigned.

3. The following instruction was given to the jury: "The defendant Wilson contends that the diamond introduced in evidence is not the diamond of the plaintiff, but is the diamond he received from one Rembert. . . I charge you . . that if he chooses to rely upon his own evidence and not produce the witness Rembert, if within his power, the presumption of law is that Rembert would not so swear if he were here;— the presumption is against him, and you would consider that as a circumstance in determining whether or not he is liable in this case." The judge then read to the jury Civil Code § 5749, which is as follows: "Where a party has evidence in his power and within his reach, by which he may repel a claim or charge against him, and omits to produce it, or, having more certain and satisfactory evidence in his power, relies on that which is of a weaker and inferior nature, a presumption arises that the charge or claim is well founded; but this presumption may be rebutted." It appeared on the trial that Rembert was not, at the time of the trial, a resident of the county of Whitfield, where the case was tried. There was no positive evidence as to where he resided, though a witness for the plaintiff testified that he thought Rembert was then in Atlanta, but it does not appear that Wilson knew where Rembert then resided. It further appeared that Wilson, on previous trials where the ownership of the diamond was in issue, stated that he got it from Rembert. The presumption against a party withholding or suppressing evidence within his control or reach is not one of law, but of fact. *Savannah etc. R. Co.* v. *Gray,* 77 *Ga.* 440 (3 S. E. 158), citing Starkie's Evidence, 486. See *Weinkle* v. *Brunswick etc. R. Co.,* 107 *Ga.* 367 (4), 372 (33 S. E. 471). There was nothing to show that Rembert was in any way under the power and control of the defendant Wilson, or that as a witness, if he were accessible at all, he was not as much so to the plaintiff as to Wilson. It was therefore reversible error, as to Wilson, to read the code section to the jury. *Anderson* v. *Southern Ry. Co.,* 107 *Ga.* 500 (2), 508 (33 S. E. 644); *Central Ry. Co.* v. *Bernstein,* 113 *Ga.* 175 (5), 180 (38 S. E. 394). Moreover, the instruction was erroneous for the reason that it informed the jury, in effect, that the testimony of the defendant Wilson was of a weaker and inferior nature than the testimony of Rembert would have been had he testified in the case.

4. The exceptions to other instructions were not meritorious.

5. There was no evidence that the defendant Brothers was ever in possession of any of the jewelry for which the action was brought; nor was there any evidence connecting him with its theft, sufficient to authorize a verdict against him.

6. Both defendants should have been granted a new trial.

<em>Judgment reversed. All the Justices concur.</em>

SEPTEMBER 27, 1913.

Trover.   Before Judge Fite.   Whitfield superior court.   August 26, 1912.

*Maddox, McCamy & Shumate,* for plaintiffs in error.

*M. C. Tarver* and *C. D. McCutchen,* contra.