## 14212.  WHITSON v. HANIEL-CLARK & SON.

BLOODWORTH, J.   " The mere fact that there are conflicts in the testimony does not render the direction of a verdict in favor of a party erroneous, when it appears that the conflicts are immaterial, and that, giving to the opposite party the benefit of the most favorable view of the evidence as a whole and of all legitimate inferences therefrom, the verdict against him is demanded. *Sanders Mfg. Co.* v. *Dollar Savings Bank,* 110 *Ga.* 559." *Skinner* v. *Braswell,* 126 *Ga.* 761 (2) (55 S. E. 914). Under the principle announced above the court did not err in directing a verdict in favor of the defendant.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*

DECIDED JULY 11, 1923.

Attachment; from Bryan superior court — Judge Strange. November 27, 1922.

*J. P. Dukes,* for plaintiff. *Brannen & Booth,* for defendants.

---

## 14217.  GRAHAM v. HIGHTOWER.

BLOODWORTH, J.   1.  Conceding (but not holding) that it was proper for the judge to give in charge to the jury § 5749 of the Civil Code of 1910, it was not, under the particular facts of this case, error requiring the grant of a new trial for him immediately thereafter to instruct the jury as follows: " I charge you in this connection that, if you find from the evidence that the plaintiff had some witnesses that he did not produce, and you believe that the plaintiff had these witnesses subpœnaed, and had attachment issued for them, then there would be no presumption that they would testify against him in this case." In this connection see *Schnell* v. *Toomer,* 56 *Ga.* 168 (4); *Shields* v. *Ga. Ry. Elec. Co.,* 1 *Ga. App.* 176 (57 S. E. 980); *Hollis* v. *Stevens,* 36 *Ga.* 463 (4); *Savannah, Fla. & Western Ry. Co.* v. *Gray,* 77 *Ga.* 443 (3 S. E. 158); *Central Ry. Co.* v. *Bernstein,* 113 *Ga.* 180 (38 S. E. 394). Moreover, this court cannot say that the charge of which complaint is made was harmful to plaintiff in error, for none of the evidence referred to therein is set out in this ground of the motion for a new trial, and it is not shown therein what the witnesses, who it is claimed were not produced, knew of the transaction.

2.  There is evidence to support the verdict, and the verdict has the approval of the trial judge, and this court, in the absence of an error of law, is powerless to interfere.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*

DECIDED JULY 11, 1923.

Action for damages; from city court of Dublin — Judge Sturgis. November 25, 1922.

*Adams, Camp & Youmans,* for plaintiff in error.

*W. C. Davis,* contra.