## 15436. Bank of Emanuel v. Smith *et al.*

Bell, J. 1. Where it does not appear that a party has held back evidence within his power to produce, the nonproduction of more full and definite evidence than he presents raises no presumption against him, and there should be no charge given to the jury on the subject of such presumption. *Schnell* v. *Toomer*, 56 *Ga.* 168 (4); *Shields* v. *Georgia Railway &c. Co.*, 1 *Ga. App.* 172 (2), 176 (57 S. E. 980); *Central of Ga. Ry. Co.* v. *Bernstein*, 113 *Ga.* 175 (5) (38 S. E. 394).

2. Neither can a presumption arise prejudicial to a party for his failure to introduce a witness, if the jury may be satisfied from the evidence before them that the party who had such witness accessible has nevertheless proved his claim or established his defense. *Weinkle* v. *Brunswick & Western R. Co.*, 107 *Ga.* 367 (4) (33 S. E. 471).

3. In a case where a witness is equally accessible to both parties and it would be as reasonable to expect one party to introduce him as the other, no presumption should arise against either party for a failure to introduce the witness. *Southern Ry. Co.* v. *Acree*, 9 *Ga. App.* 104 (70 S. E. 352); *Brothers* v. *Horne*, 140 *Ga.* 617 (3) (79 S. E. 468).

4. Where one who was sued by a bank upon a note pleaded and testified that on a certain date at the bank's office he paid the note by a check delivered to the bank's cashier, and where the person who at the time was assistant cashier testified in behalf of the plaintiff that he was present and heard the conversation between the defendant and the cashier, and knew from that, as well as from records in the bank, that the check was delivered not in payment of the note sued upon, but in settlement of another note, which the bank held for collection, and where the cashier, who before the trial severed his connection with the bank and was not shown to have any further interest in the bank or the transaction in question, was present at the trial, equally accessible to both parties, it was error for the judge to give in charge section 5749 of the Civil Code, providing: "Where a party has evidence in his power and within his reach, by which he may repel a claim or charge against him, and omits to produce it, or, having more certain and satisfactory evidence in his power, relies on that which is of a weaker and inferior nature, a presumption arises that the charge or claim is well founded; but this presumption may be rebutted." The facts did not warrant such instruction, and an exception thereto by the losing party should have been sustained.

(a) Especially was it error against the plaintiff to give this code section in charge under the circumstances appearing in the motion for a new trial, namely, that the instruction was given upon the oral request of the attorney for the defendant, made in the presence of the jury, after the judge had completed his general charge, and had "reference only to the failure of the plaintiff to produce and swear" the former cashier.

(b) Moreover, the instruction was erroneous for the reason that it informed the jury in effect that the testimony of the assistant cashier was of a weaker and inferior nature than the testimony of the former cashier would have been had he testified in the case. *Brothers* v. *Horne*, supra. The fact that a party called only one of two witnesses who had an equal opportunity to know the fact which it was sought to establish did not

authorize an inference that the other witness would have testified differently, or warrant an instruction to this effect to the jury. *Citizens National Life Insurance Co.* v. *Ragan*, 13 *Ga. App.* 29 (6) (78 S. E. 683).

5. The above rulings are not intended to be exhaustive of the circumstances in which the above-mentioned code section may or may not be given in charge. 10 R. C. L. 886, 1090; Jones on Evidence, 22.

6. Error against the plaintiff was committed also in the admission of evidence, over timely and proper objection, that in other specific instances makers of notes, which the bank held and sought to enforce, contended that the notes had been paid. Civil Code (1910), §§ 5744, 5745, 5762. Since a new trial is ordered for another reason, it is not determined whether the error pointed out in this paragraph would be sufficient, standing alone, to demand a new trial.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED AUGUST 13, 1924.

Complaint; from city court of Swainsboro—Judge Kirkland. February 2, 1924.

*Price & Spivey, Arthur W. Jordan,* for plaintiff.
*J. Alex. Smith & Son,* for defendants.