HOWARD *et al.* v. OBIE.

No. 13284.   May 17, 1940.

*Howard, Tiller & Howard,* for plaintiffs.

*McElreath, Scott, Duckworth & DuVall,* for defendant.

GRICE, Justice. 1. The principle of law, the charging of which is complained of, is sound; but the question is, was it applicable, and if not, was it reversible error to give it? It follows the language of the Code, § 38-119, which embodies a well-known rule of evidence (10 R. C. L. 884 et seq.), and which, as indicated by the parenthetic references at the conclusion of the text of the section, is but the codification of a rule announced by this court in *Savannah, Florida & Western Railway* v. *Gray,* 77 *Ga.* 440, 443 (3 S. E. 158); *First National Bank of Winston* v. *Atlanta Rubber Co.,* 77 *Ga.* 781, 785; *Stevenson* v. *State,* 83 *Ga.* 575-581 (10 S. E. 234). Its first appearance in any Code was in that of 1895, § 5163. In all the Codes the section is placed under the title, "Evidence." None of the three decisions from which the section was codified dealt with it as a portion of the court's charge to the jury. The last expression from this court on the subject was that the statement can be given in charge only in exceptional cases, and that the greatest caution must be exercised in its application. *Cotton States Fertilizer Co.* v. *Childs,* 179 *Ga.* 23, 31 (174 S. E. 708). That case was one wherein a suit was brought on a note against the husband, and to cancel a deed from the husband to the wife as having been made to defraud the plaintiff and other creditors. On the trial

the defendants relied solely on the testimony of the husband. Since the jury could have found that the failure of the wife to testify was not sufficiently explained, this court held that in view of these and other circumstances the trial court erred in refusing a timely written request to give in charge the section of the Code above referred to. A similar charge was held proper in *Nicol* v. *Crittenden*, 55 *Ga.* 497, a claim case, which dealt with a fraudulent conveyance. The evidence there indicated that a bill of sale from the defendant in attachment to the claimant was material, was not produced on the trial, and no attempt was made to account for its non-production. *Fountain* v. *Fuller E. Callaway Co.*, 144 *Ga.* 550 (87 S. E. 651), was a trover suit, the plaintiff basing its right to recover upon the ground that the goods had been procured from it by fraud of the defendant. A similar instruction was there given, and this court ruled that there was some evidence to authorize it. *Moye* v. *Reddick*, 20 *Ga. App.* 649 (93 S. E. 256), was a suit to recover damages from being run over by an automobile owned by the defendant, who was not at the time riding in it, while being driven by her chauffeur under her direction. Neither she nor the chauffeur testified, though both were present at the trial. A similar charge was there given and approved, because, said the Court of Appeals, they must have been in a position to know better than any other person exactly what was done by the chauffeur to prevent the occurrence, and to know the rate of speed at which the car was moving, and the proximate cause of the injury. *Blanchard* v. *Ogletree*, 41 *Ga. App.* 4 (152 S. E. 116), was an action for damages on account of the homicide of the plaintiff's daughter who was killed in an automobile as the invited guest of the defendant who was driving the car. In that case it was held proper to give in charge the Code section, because the plaintiff failed to introduce as a witness one who was a passenger in the automobile at the time of the occurrence, and who was present in court and sworn as a witness, and who had likewise brought suit against the defendant for injuries sustained at the same occurrence, in which suit he was represented by the same counsel as those of the plaintiff, but placed her reliance instead upon secondary evidence in the form of testimony of declarations made by the defendant, not certain and clear as to their proper import.

The principle embodied in the Code section now under discus-

sion was given in charge in *Weinkle* v. *Brunswick & Western R. Co.*, 107 *Ga.* 367 (33 S. E. 471). A reversal was had, this court declaring: "But no presumption will ever arise prejudicial to the party failing to produce the witness, provided the jury are satisfied from the evidence before them that the party who had such witness accessible has nevertheless proved his claim or established his defense. The failure to call and have sworn witnesses who are accessible and peculiarly within the power of a party will authorize argument by counsel before a jury, that in case the jury be in doubt as to the truth of the transaction they might infer that the absent witnesses, if in court, would have furnished evidence prejudicial to the party who has failed to produce them. If a litigant sees proper to rest his case upon one witness, although many others may be accessible, he has a right to do so, and the law imposes upon him no duty to do otherwise. Therefore the law does not require a railroad company to produce all of its employees who were engaged in the running of a train the operation of which caused damage to any one, when a suit growing out of such alleged damage is on trial. If the jury believe that the defense is established out of the mouths of the witnesses called, they should not find against the company solely on the ground that there were other witnesses to the transaction who were not produced." Citing *Savannah, Florida & Western Ry. Co.* v. *Gray*, 77 *Ga.* 440 (3 S. E. 158) ; *Anderson* v. *Savannah Press Publishing Co.*, 100 *Ga.* 454 (28 S. E. 216) ; *Western & Atlantic Railroad Co.* v. *Morrison*, 102 *Ga.* 319 (29 S. E. 104, 40 L. R. A. 84, 66 Am. St. R. 173). A somewhat similar charge was reversed in *Central of Georgia Railway Co.* v. *Bernstein*, 113 *Ga.* 175 (38 S. E. 394), the court in its opinion saying: "Where it does not appear that the party holds back evidence within his power to produce, the non-production of more full and definite evidence than he presents raises no presumption against him ; and there should be no charge given to the jury on the subject of such a presumption." The court cited *Schnell* v. *Toomer*, 56 *Ga.* 168; *Savannah, F. & W. Ry.* v. *Gray*, supra, and *Weinkle* v. *Railroad Co.*, supra. See also *Brothers* v. *Horne*, 140 *Ga.* 617 (3) (79 S. E. 468). Many of the previous cases were cited in *Bank of Emanuel* v. *Smith*, 32 *Ga. App.* 606 (124 S. E. 114). In holding a similar charge erroneous, the Court of Appeals said: "Especially was it error against the plaintiff to give this Code section in charge, under the circumstances

appearing in the motion for a new trial, namely, that the instruction was given upon the oral request of the attorney for the defendant, made in the presence of the jury, after the judge had completed his general charge, and had 'reference only to the failure of the plaintiff to produce and swear' the former cashier."

The record shows that Maggie Gaines was in court, and had been sworn as a witness by the propounders. She was not placed on the stand. The charge complained of was requested by counsel for the caveatrix, contending that the charge was applicable because the propounders had failed to examine Maggie Gaines as a witness. She was not a party eo nomine, but was a named legatee as to the residue of the property, and therefore vitally interested in the result. We are of the opinion, however, that the same considerations which forbid giving in charge the Code section when applied to a party should apply to one who, though not a nominal party, is nevertheless materially interested in the result. In *Thompson* v. *Davitte*, 59 *Ga.* 472, a contested will case, Davitte, the propounder, was in court, but did not testify. A request to charge, similar to that here involved, was there presented. It was refused; and in affirming that ruling this court said: "We think, on the contrary, that it is becoming, and to be commended, in a party not to testify, if he can avoid it without positive injury to the cause of truth and justice. As long as he is unheard, there should be no presumption that his silence is counseled by prudence rather than by modesty. While his case should not gain by his forbearance to testify, neither should it lose by it. Public policy forbids that a suitor should feel constrained to mount the witness-stand for no purpose but to let the jury know that he has something to say in his favor, or to show them that he can face the terrors of a cross-examination without breaking down. The encouragement of anything like competition in swearing would be too sure to breed perjury. Let those testify in their own behalf who voluntarily present themselves; but let no uncharitable imaginations light upon those who stay away, merely because they might swear if they would."

Under the facts and circumstances of this record it was error to give in charge the instruction complained of in the amended motion. Had the caveatrix introduced any evidence to support that ground of her caveat which alleged that the will was the result of undue influence practiced by Maggie on the testatrix, a different ruling

might follow; but when that ground was withdrawn from the jury, and the sole issue was as to whether the alleged testatrix at the time of executing the will was possessed of "sound and disposing mind and memory," according to the meaning which the law attaches to those words, and the propounders having sworn the three subscribing witnesses, as well as others, whose testimony supported their contention that at the time the will was signed she did possess the necessary mental capacity, the jury should not have been instructed in effect that the failure to examine as a witness Maggie Gaines raised a presumption against the propounders as to the truth of the issue being submitted to the jury.

2. Since the judgment must be reversed for the reason pointed out above, and the evidence may not be the same on the next trial, no ruling is made on the general grounds of the motion.

*Judgment reversed. All the Justices concur, except Duckworth, J., disqualified.*