TODD *v.* THE STATE.

No. 15426. APRIL 2, 1946.

*Roy V. Harris, J. Roy McCracken, Henry T. Chance,* and *B. J. Stevens,* for plaintiff in error.

*Eugene Cook, Attorney-General, W. H. Lanier, Solicitor-General, M. C. Barwick,* and *L. C. Groves, Assistant Attorney-General,* contra.

JENKINS, Presiding Justice. 1. Error is assigned because the court erred in not permitting a witness to testify to a conversation had between the witness and the daughter-in-law of the deceased,

in which the daughter-in-law recounted a conversation between herself and the deceased. The question propounded was, did she, referring to the daughter-in-law, "make any statement to you in reference to telling Mr. Smith [the deceased] that Ed Todd [the defendant] was at Grange that afternoon?" The answer would have been, "She told me that when she got up there Mr. Smith asked her if any of the Todds were down there, and she told him before she thought of herself that Ed was there." The Code, § 38-302, provides as follows: "When in a legal investigation, information, conversations, letters, and replies, and similar evidence are facts to explain conduct and ascertain motives, they shall be admitted in evidence, not as hearsay, but as original evidence." Hearsay when admissible, under this rule, derives its competency from the necessity of the case. If the fact that a conversation was had is all that is relevant or needed as an inducement to explain conduct, such as, for example, to account for an investigation by the witness, this court has held in *Kelly* v. *State,* 82 *Ga.* 441 (3), 444 (9 S. E. 171), that "It is more regular to admit only the fact that a conversation occurred, without going into the particulars of what was said." Where, however, in order to explain conduct, such as a subsequent investigation by the witness, the nature and character of the conversation itself is both relevant and necessary, the conversation will be admitted as original evidence. As illustrative of the propriety of admitting such a conversation, see *Bryant* v. *State,* 191 *Ga.* 686 (14), 720 (13 S. E. 2d, 820). In this latter case, flight by the defendant after the homicide was proven as a circumstance indicating guilt. The defendant sought to show that his flight was occasioned by another cause, to wit, a personal difficulty with an official of the plant where the defendant worked. The witness sought to testify that he was sent by the foster mother of the defendant to interview this official for the purpose of ascertaining if he, the official, would drop the charge against the defendant so that he could return home. In that case, the defendant's counsel offered to connect up this conversation with the foster mother, with the evidence as to the interview with the official, and with evidence that such information was reported to the defendant, and that the defendant remained away for that reason. This court held that the witness should have been allowed to show why he went

to interview the official. In the instant case, the hearsay conversation of the daughter-in-law could not be treated as original evidence. If what the daughter-in-law may have told the deceased could be taken to have influenced the conduct, not of the witness, but of the deceased himself, proof of the conversation should have been made by the daughter-in-law. The court did not err in rejecting the hearsay testimony.

2. While the court charged on the law of murder, on the general law relating to voluntary manslaughter, and on justifiable homicide, error is assigned because, under the evidence, the judge should have charged the law of voluntary manslaughter as related to cases involving a mutual intention to fight. We think that the assignment of error on this ground is good. As the case will be tried again, we are particular to refrain from giving any sort of intimation as to any opinion on the merits of the case—that is, on whether the defendant was guilty of murder, whether the homicide was justifiable, or whether the defendant was guilty of voluntary manslaughter. We do say, however, that the jury would have been authorized to infer, under one view of all the facts and attendant circumstances testified to, that both of the parties were at fault in that, after a previous serious difficulty, there was manifested a mutual intention to fight. The evidence shows that just prior to the difficulty each was warned of the peril with respect to the other, from which fact and from the conduct of the parties, it was possible for the jury to infer that each was seeking the other, each with knowledge that the other had the intention to fight. The facts are quite similar in these respects to those set forth in *Harris* v. *State,* 184 *Ga.* 382 (1), 390 (191 S. E. 439). The jury could, however, have found, under this view of the testimony, that the killing at the time it occurred was actually brought about by a sudden and violent impulse of passion, and was not necessarily the direct result of a deliberate mutual intent to fight and kill. Under such circumstances, should the jury believe that such circumstances existed, the element of malice would be lacking, so as to reduce the offense committed to that of voluntary manslaughter. If the homicide should not be justifiable, a mutual intention to fight would not necessarily reduce the homicide from murder to voluntary manslaughter. There can be such a thing as a deliberate mutual

intention to fight and kill, in which event a homicide resulting directly out of such mutual intent to kill is murder. In order to reduce an unjustifiable homicide from murder to voluntary manslaughter, even though it result from a mutual intention to fight, the killing must still result from that sudden, violent impulse of passion supposed to be irresistible. *Dickens* v. *State*, 137 *Ga.* 523, 530 (8) (73 S. E. 826); *Bundrick* v. *State*, 125 *Ga.* 753 (2) (54 S. E. 683). It is well recognized that, when a mutual intention to fight appears, and the circumstances are such as might permit the jury to find an absence of malice, and that the killing resulted from a sudden and violent outburst of passion, a charge of voluntary manslaughter as related to a mutual intention to fight is required, and this is true either with or without a request. *Findley* v. *State*, 125 *Ga.* 579, 583 (3) (54 S. E. 106); *Butt* v. *State*, 150 *Ga.* 302 (2) (103 S. E. 466); *Waller* v. *State*, 100 *Ga.* 320 (28 S. E. 77); *Ison* v. *State*, 154 *Ga.* 408 (114 S. E. 351); *Buchanan* v. *State*, 153 *Ga.* 866 (113 S. E. 87).

3. The case being reversed for the reasons set forth in the preceding division of the opinion, it becomes unnecessary to decide whether or not the judge abused his discretion in failing on two occasions to declare a mistrial on motion of the defendant, by reason of alleged improper and inflammatory remarks addressed to the jury by counsel employed for the prosecution in the case. This is true for the reason that the court instructed the jury as to the impropriety of such remarks, and there is no reason to suppose that a similar question will arise on another trial.

*Judgment reversed. All the Justices concur, except Duckworth, Atkinson, and Head, JJ., who dissent.*