91 Ga. App. 257 (1954)
85 S.E.2d 528
PRICE
v.
WHITLEY CONSTRUCTION COMPANY et al.
35390.
Court of Appeals of Georgia.
Decided November 26, 1954.
Rehearing Denied December 16, 1954.
*261 Nall, Sterne & Miller, Wilbur B. Nall, for plaintiff in error.
Hamilton Lokey, Lokey, Bowden & Rolleston, contra.
*262 GARDNER, P. J.
1. (a) The jury, by its verdict, has established the fact that the defendant was negligent and is liable to the plaintiff, at least in the sum of $4,000. See Anglin v. City of Columbus, 128 Ga. 469, 472 (57 S. E. 780). The only question presented here is: Was the verdict, under the evidence, grossly inadequate? This will appear from the amendments to the original motion. The germane issue which is now before this court is, whether or not the plaintiff received the injuries and pain and suffering as a result of the collision or whether or not the injuries of which she complains existed mainly prior to the collision. There was medical evidence pro and con on this point, and besides mainly the evidence of the plaintiff where she claims that her condition at the time of the trial was the result of her condition which developed and was caused by the collision. Counsel for the plaintiff first calls our attention to the presumption that damages awarded to the plaintiff are so inadequate as to suggest gross mistake or undue bias on the part of the jury. In support of this contention, our attention is called to Slaughter v. Atlanta Coca-Cola Bottling Company, 48 Ga. App. 327 (172 S. E. 723), as follows: "If the plaintiff was entitled to recover anything (and the jury has so found), she was entitled to recover damages commensurate with the injury sustained by her." Counsel cites also Holland v. Williams, 3 Ga. App. 636 (60 S. E. 331). On this point counsel for the plaintiff call our attention also to Ransome v. Christian, 49 Ga. 491, 502, as follows: "In ordinary cases, when the verdict is for the plaintiff or defendant, if there be an error, and the evidence is so strongly with the verdict that the result must have been the same, even had there been no error, it is mere play to send the case back on a theoretical mistake of the judge. But when the amount of the verdict is a matter to be measured by the enlightened conscience of a jury, then it is of the utmost importance that the jury shall not have been in the least misled as to the principles upon which their verdict is to be founded, or any evidence excluded which may have affected the final decision."
(b) Counsel for the defendant, on ground numbered 6, calls attention to the contention of the plaintiff that the court erred in excluding hearsay testimony by the plaintiff, offered to show her motives and explain her conduct with respect to a vital issue *263 in the case. It is contended that the main defense urged in the case was that temperament on the part of the plaintiff played a great part in her injuries; the suggestion being that the plaintiff was a neurotic, who went from doctor to doctor seeking relief from ailments in which temperament and pre-existing maladies played a large part. On direct examination, the plaintiff was cross-examined at length about the number of doctors consulted by her and about having left one doctor and visited others. It is argued that from these circumstances it is obvious that the motives of the plaintiff were of vital importance, and of course the plaintiff had a right to show her motives and to rebut any unfavorable inference which might be drawn therefrom. For this purpose, on redirect examination and immediately after the cross-examination just referred to, she was asked certain questions, and objections and rulings of the court were made as set out hereinbefore in special ground numbered 6. In support of this contention, counsel for the plaintiff call our attention to Code § 38-302, as follows: "When, in a legal investigation, information, conversations, letters and replies, and similar evidence are facts to explain conduct and ascertain motives, they shall be admitted in evidence, not as hearsay, but as original evidence." Our attention is called also to the following cases: Davis v. Farmers & Traders Bank, 36 Ga. App. 415 (136 S. E. 816); Central of Ga. Ry. Co. v. Dumas, 44 Ga. App. 152 (2) (160 S. E. 814); Moss v. Moss, 147 Ga. 311 (3) (93 S. E. 875); Southern Ry. Co. v. Tudor, 46 Ga. App. 563 (5), 574 (168 S. E. 98); Bryant v. State, 191 Ga. 686 (14) (13 S. E. 2d 820); Fitzgerald v. State, 10 Ga. App. 70 (4) (72 S. E. 541); Peek v. Irwin, 164 Ga. 450 (5), 455 (139 S. E. 27); Ponder v. State, 87 Ga. 262 (13 S. E. 464); Purvis v. Atlanta Northern Ry. Co., 145 Ga. 517 (89 S. E. 571); Third National Bank v. Baker, 19 Ga. App. 208, 212 (1) (91 S. E. 346); McClung v. State, 206 Ga. 421 (1), 423 (57 S. E. 2d 559); Phillips v. State, 206 Ga. 418 (3) (57 S. E. 2d 555); Todd v. State, 200 Ga. 582 (1), 588 (37 S. E. 2d 779); Harris v. State, 191 Ga. 555 (6) (13 S. E. 2d 459).
The plaintiff contends that the question of damages is the only real issue in this case and the only defense offered to the amount claimed by the plaintiff concerned her motives and whether or not her suffering was physical or merely temperamental, and in particular *264 whether or not it was caused by the collision or whether or not it existed prior thereto. This being the state of affairs, it is contended that the plaintiff should have been permitted to detail the conversation between her and her husband as to what her husband said that Doctor Reith said, and that the court committed reversible error in not permitting her to so testify.
(c) The next contention presented by the plaintiff is that the trial court erred in charging the jury, in the language of Code § 38-119, concerning the presumption arising from failure to produce evidence, as set forth in ground numbered 7. In support of the contentions of the plaintiff that the court committed reversible error in this regard, the record reveals that the husband of the plaintiff was in court, sworn as a witness, sequestered, but was not called on the trial. It is contended that this charge was an inference that evidence had been withheld and the charge injected for the jury's consideration an unauthorized inference under the evidence in the case, and was not only erroneous but also harmful. In support of this contention, our attention is called to a number of decisions as follows: Central of Ga. Ry. Co. v. Bernstein, 113 Ga. 175 (5) (38 S. E. 394); Alabama Great Southern Ry. Co. v. Hamby, 56 Ga. App. 215 (2) (192 S. E. 467); Bank of Emanuel v. Smith, 32 Ga. App. 606 (1, 2, 3) (124 S. E. 114); Shields v. Georgia Ry. &c. Co., 1 Ga. App. 172 (2) (57 S. E. 980); Anderson v. Southern Ry. Co., 107 Ga. 500 (2) (33 S. E. 644); Schnell v. Toomer, 56 Ga. 168 (2); Brothers v. Horne, 140 Ga. 617 (3) (79 S. E. 468); Howard v. Obie, 190 Ga. 394 (1) (9 S. E. 2d 666). It is suggested that these decisions are applicable and controlling concerning the quoted excerpt from the charge of the court; that it is a reversible error since the charge may have, and probably did, affect the amount of the verdict returned. We have examined those decisions thus relied on by the plaintiff in support of (a), (b), and (c) of her argument, in the light of the facts in those respective cases, and find them applicable to those cases; but under the facts of the instant case we feel compelled to call attention to other decisions which are applicable under the facts of this case.
2. The Supreme Court held in Howard v. Lee, 208 Ga. 735, 739 (69 S. E. 263): "In passing on the general grounds of a motion for new trial, it is the duty of this court to determine *265 whether the verdict as rendered can be sustained under any reasonable view taken of the proofs submitted to the jury. Ingram v. State, 204 Ga. 164, 184 (48 S. E. 2d 891)."
In Hight v. Steely, 86 Ga. App. 137, 140 (70 S. E. 2d 886), this court said: "This court has strongly held in a long line of decisions that, although the evidence before a trial jury might have authorized a different verdict, where there is enough evidence to support the verdict found, this court will not reverse the judgment of the trial court in refusing a new trial on only general grounds. See Marcus v. State, 76 Ga. App. 581 (1) (46 S. E. 2d 770); Scott v. Gillis, 202 Ga. 220 (2) (43 S. E. 2d 95). It is the duty of the court to construe the evidence most strongly in support of a verdict which has been approved by the trial judge. Brown v. Meador, 83 Ga. 406 (9 S. E. 681); Associated Mutuals v. Pope Lumber Co., 200 Ga. 487, 496 (37 S. E. 2d 393). `The verdict was authorized by the evidence and has the approval of the trial court. No error of law appearing, it will not be disturbed by this court.' Fowler v. State, 82 Ga. App. 197 (4) (60 S. E. 2d 473)."
In Smith v. Merck, 206 Ga. 361, 375 (57 S. E. 2d 326) the Supreme Court held: "We have carefully read and reread the evidence in the record, and cannot say that there is not some evidence to support the verdict. Our function is to review the sufficiency of the evidence, and not to determine its weight. Though the evidence might have authorized a different verdict (Stephenson v. Meeks, 141 Ga. 561 (4), 81 S. E. 851), or the verdict is supported by only slight evidence (Ala. Great So. R. Co. v. Brock, 141 Ga. 840 (2), 82 S. E. 225), or the evidence is conflicting or preponderates against the verdict (Slaton v. Fowler, 124 Ga. 955 (1), 53 S. E. 567), where no material error of law appears, this court will not disturb the trial judge's judgment in overruling the motion for new trial. As was said in Lavender v. Kurn, 327 U. S. 645, 653 (66 Sup. Ct. 740, 90 L. ed. 916): `It is no answer to say that the jury's verdict involved speculation and conjecture. Whenever facts are in dispute or the evidence is such that fair-minded men may draw different inferences, a measure of speculation and conjecture is required on the part of those whose duty it is to settle the dispute by choosing what seems to them to be the most reasonable inference. Only when *266 there is a complete absence of probative facts to support the conclusion reached does a reversible error appear. But where, as here, there is an evidentiary basis for the jury's verdict, the jury is free to discard or disbelieve whatever facts are inconsistent with its conclusion. And the appellate court's function is exhausted when that evidentiary basis becomes apparent, it being immaterial that the court might draw a contrary inference or feel that another conclusion is more reasonable." See also Hankin Music Co. v. Deaton, 62 Ga. App. 599 (9 S. E. 2d 121). In Pierson v. M & M Bus Company, 74 Ga. App. 537 (40 S. E. 2d 561) this court held: "One of the main issues in the case was the extent of the plaintiff's injuries. There was evidence from which the jury could have inferred that her health was not good before the injuries were received, and that all of the pain and suffering and hospital expenses and experiences recounted by her were not the result of the injuries. It seems to us that the verdict found by the jury, although it was in the exact sum claimed as special damages, could have included in the minds of the jury some amount for pain and suffering or general damages. We can not say as a matter of law that the verdict was inadequate or so small as to justify an inference of gross mistake or undue bias. `The presumptions are in favor of the validity of the verdict of a jury, and the verdict should be construed so as to stand, if practicable.' Douglas Motor Co. v. Watson, 68 Ga. App. 335 (22 S. E. 2d 766)." The court's ruling in that case was summed up in headnote 1 of that case as follows: "Every presumption and inference is in favor of the verdict, and the verdict in this case, for the same amount claimed as special damages, was not so small as to justify an inference of gross mistake or undue bias."
See Trammell v. Atlanta Coach Co., 51 Ga. App. 705, 707 (181 S. E. 315) as follows: "The amount of damages returned by the jury in such a verdict, for pain and suffering, sustained because of alleged negligence, being governed by no other standard than the enlightened conscience of impartial jurors, the question of inadequacy of the verdict is not one which can be raised by the general grounds in a motion for new trial." See W & A R. Co. v. Burnett, 79 Ga. App. 530 (54 S. E. 2d 357) and Southern Ry. Co. v. Miller, 3 Ga. App. 410, 412 (59 S. E. 1115).
*267 In Exchange Bank v. Thrower, 118 Ga. 433, 436 (45 S. E. 316), the Supreme Court held: "We have no power to interfere where the judge of the lower court has re-examined the evidence on the motion for a new trial, and, by his refusal to set it aside, expressed himself as fully satisfied with the verdict."
We have no authority as a matter of law to hold that the verdict of $4,000 is so grossly inadequate as to disclose gross mistake or undue bias on the part of the trial jury.
We come next to consider further the hearsay-testimony issue, as set forth in ground numbered 6 quoted hereinabove. In this ground the issue is concerning what the plaintiff's husband told her a physician told him. The Supreme Court held in Todd v. State, 200 Ga. 582, 588 (37 S. E. 2d 779): "Hearsay, when admissible, under this rule, derives its competency from the necessity of the case." It must be kept in mind in the instant case that the husband of the plaintiff was in court and could have been called to testify as to what he knew. Moreover, the record reveals abundant evidence concerning the same issue, that is, why the plaintiff changed from one doctor to another. See Southern Ry. Co. v. Ward, 131 Ga. 21 (4) (61 S. E. 913); County of Butts v. Hixon, 135 Ga. 26 (2) (68 S. E. 786); Stanfield v. Seaboard Airline Ry. Co., 33 Ga. App. 29 (2) (125 S. E. 504). There are many other cases to the same effect.
In Bryant v. State, 191 Ga. 686 (13 S. E. 2d 820) and in Brown v. Matthews, 79 Ga. 1, 2 (4 S. E. 13), the Supreme Court stated that the rule as to hearsay evidence must be guarded carefully. Under the record of this case, the court did not err in refusing to admit the hearsay evidence or testimony.
We next consider the issue as to the charge of the court on the presumption arising from the failure to produce evidence. See Beardsley v. Suburban Coach Co., 83 Ga. App. 381, 391 (63 S. E. 2d 911), wherein this court said: "A party is not required to produce all witnesses; he may rest his case upon one witness, though another be accessible; but he subjects himself to the presumption arising from failure to so produce. Southern Ry. Co. v. Acree, 9 Ga. App. 104 (2) (70 S. E. 523). . . While it is true that this principle is not applicable to criminal cases (Whitley v. State, 14 Ga. App. 577 (5), 81 S. E. 797; Jones v. State, 14 Ga. App. 811, 82 S. E. 470), . . . it is true that in *268 civil cases it may be a duty on the part of either party to the cause, where he has evidence in his power and within his reach by which he may repel a claim or charge against him, to produce it or suffer the presumption that the charge or claim is well founded. This rule applies irrespective of the burden of proof. The failure so to produce may give rise to the suggestion or presumption of evasion or concealment." See also Cotton States Fertilizer Co. v. Childs, 179 Ga. 23 (174 S. E. 708).
In Lasseter v. Green, 202 Ga. 148 (2) (42 S. E. 2d 480), the Supreme Court said: "There is no merit in the special ground complaining that the court erred in charging § 38-119 of the Code, relating to the presumption arising where one who has evidence in his power and within his reach, to repel a charge or claim against him, fails to produce it. It appeared that two sons of the defendant heard a part or all of the conversation at the time the oral contract was made. The defendant relied upon his own testimony alone as to the conversation, and made no effort to explain the failure of his sons to testify. See Cotton States Fertilizer Co. v. Childs, 179 Ga. 23 (174 S. E. 708); Blanchard v. Ogletree, 41 Ga. App. 4 (152 S. E. 116); Moye v. Reddick, 20 Ga. App. 649 (93 S. E. 256). It follows that there was no error in denying a new trial. Judgment affirmed. All the Justices concur."
There was evidence which authorized the court to charge the principles of law set forth in Code § 38-119. For instance, the husband of the plaintiff was in court, summoned there by the plaintiff, and it would seem from the record that the husband of the plaintiff knew a great deal about the infirmities of his wife before the crash of the truck into the trackless trolley, as well as her condition after such collision.
The court did not err in denying the motion for new trial as amended.
Judgment affirmed. Townsend and Carlisle, JJ., concur.