## SANDERS v. SOUTHERN RAILWAY COMPANY.

1. A failure of the trial judge to instruct the jury on an issue not raised by the pleadings in the case is not error.
2. In an action to recover damages for personal injuries sustained by a passenger in alighting from a moving car, it was not error in the presiding judge to read to the jury section 2321 of the Civil Code, which provides that a railroad company shall be liable for damage done to persons, etc., by the running of locomotives or cars, unless the company makes it appear that their agents have exercised all ordinary and reasonable care, the presumption in all cases being against the company, when in immediate connection therewith the judge instructs the jury that the duty of carriers to passengers is that of extraordinary diligence, and that the burden is on the carrier to show such diligence, when the injury has been made to appear.
3. In such a case it was not error for the court to charge that if, at the time, it was obviously dangerous for the passenger to alight, on account of the rapid motion of the train, without the direction of the conductor, or under the direction of the conductor if the circumstances from such rapid motion would make it likely, or seemed likely to him as an ordinarily prudent man, that it would be dangerous to do so, the plaintiff would not be entitled to recover.
4. Where the evidence showed, in the case above indicated, that the plaintiff lived near the place where it was alleged he received the injury in attempting to alight from the train, and was more or less familiar with the locality, it was not error to charge the jury to consider the question as to whether the plaintiff was familiar with this particular place, and whether or not his familiarity with the place was such as to make it dangerous for him to alight under the circumstances which he claimed surrounded him at the time. Such a charge was proper, and the knowledge which the plaintiff had of the locality should have been considered by the jury in determining the question of whether he himself was negligent.

Argued February 14, — Decided March 20, 1899.

Action for damages. Before Judge Felton. Bibb superior court. April 1, 1898.

The action was for personal injuries received by the plaintiff on alighting from a train of the defendant upon which he was a passenger. The declaration alleged, that on becoming a passenger he informed the conductor that he wished to get off the train at or about the "stop-post" near the Ocmulgee river bridge, at which point, under the rules of the defendant, all trains were required to stop before passing over the bridge, and the conductor accepted his fare to that point, but the train was not stopped there; that when the train was at or near the "stop-post" the speed was reduced, and the conductor instructed him to jump to the ground, which he did, relying upon the advice and judgment of the conductor that he could jump with safety, and in so doing he exercised all proper care and caution, but fell and struck the earth with great violence, thereby receiving the injuries complained of. He alleged that the defendant and its employees upon the train were negligent in failing to bring the train to a full stop, so that he could alight in safety; in violating the duty the defendant owed him to put him off the train in safety at the point of his destination; in the instructions given him to alight from the moving train under the circumstances stated; and in failing to exercise proper care and diligence in landing him from the train at said point of destination. There was a verdict for the railroad company, and the plaintiff made a motion for a new trial upon numerous grounds. Such of the grounds as are material here are set out in the opinion.

*Harris, Thomas & Glawson*, for plaintiff.
*Hill, Harris & Birch*, for defendant.

LITTLE, J. There are thirty-one grounds set out in the motion for a new trial. In connection with said grounds, we have examined the evidence in the record, and the charge of the court; and our conclusion is, that under the facts of this case the alleged errors complained of in grounds 8, 9, 10, 12, 13, 14, 15, 18, 19, 20, 21, 23, 25, 26, 27, and 28 need no especial elaboration. These contain principles of law given in charge to the jury, and some of them are clearly laid down in the code as the statute law of this State. Others are familiar principles

which this and other courts of last resort have ruled to be correct and applicable to cases involving the same issues as were tried in the case at bar; and we find no legal objection to the principles of law covered in the charges of which complaint is made by these grounds of the motion. The 16th ground of the motion, as it appears in the record, is, we presume from copying, so confused as to be unintelligible, and we are not, therefore, able to pass upon it. The record does not contain any 24th ground, and we can not, of course, say what was the complaint made therein. The 29th ground is an exception to the charge as a whole, and the court committed no error in overruling the motion on that ground. The complaints made in the 30th and 31st grounds of the motion, necessarily involve questions which are referred to in other grounds of the motion. The first four grounds of the motion are based on allegations that the verdict is contrary to law, decidedly and strongly against the weight of evidence, and contrary to the charge of the court. We do not think there is merit in any of said grounds. It was the province of the jury to declare what the facts were, and in our judgment the jury was fully authorized, under the evidence, to arrive at the verdict which was rendered, and we have been unable to ascertain from the record any reason why that verdict is contrary to the law governing the case; nor is the verdict contrary to the charge of the court. None of the charges complained of were, in our judgment, calculated to mislead the jury. On the contrary, the charge as a whole seems to be a fair and legal presentation of the law of the case.

1. Complaint is made, because the court erred in giving to the jury the following charge: "The relation of carrier and passenger continues, where one is a passenger upon the train of a railroad corporation, until the passenger has reached his destination and has had a reasonable opportunity to alight safely from the cars." The specific assignment of error to this portion of the charge is, that the relation of passenger and carrier continues until the passenger is safely alighted from the train, and because this charge, in effect, instructed the jury that the plaintiff bore the relation of passenger to the defendant

only to the time he alighted from the cars, and because it was the duty of the railroad company not only to land the passenger safely, but to leave him at a place where he would be safe after being landed. We can conceive of a case, or circumstances, which would make this charge error, because of the principles contended for by the plaintiff in error. In order, however, to ascertain whether such charge was error in the case which was tried, the circumstances which are relied on to show negligence on the part of the carrier must necessarily be considered. It is not contested that the point at which the plaintiff in error desired to leave the train, and at which he did leave the train was not either a regular or flag station of the railroad. It was at a point near a drawbridge over the Ocmulgee river, at which, under the regulations of the company, all trains passing over the river were required to stop, as a matter of precaution.. No arrangements had been made by the company for passengers to board or leave the cars at that point, although, under the evidence, persons frequently did so when the cars came to a stop. The railroad only used a right of way there, such as it had for the safe construction of the road and the passage of its trains. The petition filed by the plaintiff did not base his right to recover on the negligence of the company in failing to afford him a safe landing-place from the cars and a safe means of egress from the point where he was put off on its right of way, nor negligence because they did not leave him at a place where he would be safe after he landed; but the allegation set out in the petition is, that, failing to obey the rules of the company, the persons in charge of the train did not bring it to a full stop at this particular point, but merely reduced the speed of the train at its immediate approach to the bridge, and while the train was moving at such reduced speed, the conductor directed the petitioner to jump from the train, which he did under such direction, and in so jumping, while he exercised all proper care and caution, he was injured; and the negligence averred is the failure to bring the train to a full stop, so that he could alight in safety. It must be apparent, therefore, that under the petition the plaintiff was not seeking to recover damages for his injury on the ground that the com-

pany was negligent in not affording him a safe landing-place, nor a means of egress from the point on the right of way where he was put off; and the charge excepted to was a proper one, under this contention and the evidence as to his place of exit from the train. The elementary rule is, that the admission of evidence will be confined to the issue being tried, and it is not necessary to cite authority to establish the principle that instructions of law by the trial judge to the jury should be confined to such issue. In the case of *Hill* v. *Callahan,* 82 *Ga.* 109, our present Chief Justice in delivering the opinion of the court aptly said : "The pleadings in the case are the contentions of the parties. They make the issues upon which evidence is to be admitted, and on which the court is to instruct the jury. By them the parties must stand or fall. If the court submits only these issues to the jury in his charge, it is not error, and the parties have no right to complain." The Supreme Court of North Carolina, in the case of Moss *v.* North Carolina R. Co., reported in 29 S. E. Rep. 410, which was an action to recover for personal injuries by a passenger against the railroad company, the allegation being that the company was negligent in failing to stop its train at the station where she was to change cars, to allow her to get off, and in suddenly increasing the speed of the train while she was getting off, ruled that the plaintiff could not recover for the failure to show her a safe way to go from one train to another, nor from any train to the station, nor from the station to any train. See also Beach on Contributory Negligence, (3d ed.) § 161. So that the failure on the part of the judge to charge the duty of the defendant company to afford the passenger a safe landing and a means of egress from his place of landing, was not error.

2. Another ground of the motion is, that the court erred in charging the provisions of law contained in section 2321 of the Civil Code, declaring that a railroad company is liable for damage done to persons by the running of its locomotives or cars, unless the company shall make it appear that their agents have exercised all ordinary and reasonable care and diligence, and that the presumption in all cases is against the company. This was objected to as inapplicable, and because it laid down the

rule that ordinary care and diligence was the duty of the defendant to the plaintiff. We do not think it was error for the court to have given in charge this section of the code. It laid down the rule as to where the burden of proof is to show negligence, when the fact of injury by the operation of the locomotives or cars of the railroad company has been established. This court, in the case of *Western and Atlantic Railroad* v. *Abbott*, 74 *Ga.* 851, ruled that the giving of this section in charge was proper on the trial of a case brought to recover damages for personal injuries occasioned by the negligence of the railroad company in the operation of one of its engines, and while the person injured, having alighted from the train on which he was a passenger, was making his way to the baggage-car after his trunk. When reference is made to the full charge, which is a part of the record, it can not justly be contended that charging this section had the effect of instructing the jury as to the care and diligence the carrier must exercise toward a passenger; for, by reference to the charge, it is found that immediately after this section of the code was read to the jury, the court further instructed the jury as follows: "A carrier of passengers is bound also to extraordinary diligence on behalf of himself and his agents to protect all lives and persons of its passengers, but he is not liable for injuries to persons after having used such diligence," and further on, in his charge, the judge said: "As I have stated to you, the rule of diligence relatively to a passenger is that of extraordinary diligence. 'The extraordinary diligence due by a railroad company to passengers is that extreme care and caution which very prudent and thoughtful persons exercise under the circumstances.'" And again, in another part of the charge, he instructs the jury as follows: "The law puts upon them a duty . . that they shall carry their passengers safely and deliver them safely at their destination, and the burden is that when a passenger shows that he was injured either in being carried or in alighting from the train, the burden is upon the defendant company, and it is incumbent upon them, in order to relieve themselves from liability, to show that they exercised extraordinary diligence relatively to that passenger in his carrying and seeing that he safely alighted from the train."

3. A further ground of the motion for new trial alleges that the court erred in charging the jury that if the plaintiff alighted from a moving train obviously dangerous for him to alight from, on account of the rapid speed at which the train was running, and he alighted with or without the direction of the conductor, if the circumstances of the rapid motion of the train made it likely, or seemed likely to him as an ordinarily prudent man, that it would be dangerous to do so, he could not recover. The correctness of the principle embodied in this charge is found in section 3830 of our Civil Code, which declares that if the plaintiff by ordinary care could have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover. This court has repeatedly ruled that the principle charged is a correct one. See *Blodgett* v. *Bartlett,* 50 *Ga.* 353; *Covington* v. *W. & A. R. Co.,* 81 *Ga.* 273; *Barnett* v. *East Tenn. Ry. Co.,* 87 *Ga.* 766; *A. & W. P. R. Co.* v. *Dickerson,* 89 *Ga.* 455. The charge was sustained, where it was alleged that directions were expressly given by the conductor for the passenger to jump from the train, by the case of *East Tenn. R. Co.* v. *Hughes,* 92 *Ga.* 388; and it must be held that the charge was legal and correct. But it was complained that it was inapplicable because there was no evidence on which to base such charge. We think differently — at least under one of the theories of the defendant based on the evidence introduced by it, such inferences might and could be properly drawn by the jury, if they chose to disbelieve the evidence of the plaintiff. Nor do we think such charge was calculated to cause the jury to believe that a direction given by the conductor to get off was immaterial. The charge strictly confined the act of the plaintiff to have been done under circumstances from the rapid motion of the train that would make an ordinarily prudent man believe it to be dangerous.

4. The charges complained of in the other grounds of the motion for new trial, to which we have not before referred, are based on the error of the court in charging, in effect, that as to what constituted negligence, the jury must regard all the facts and circumstances of the case, and among them, the question as to whether or not the plaintiff was familiar with the point

upon the road at which he sought to alight, and his familiarity with the right of way at that point, and whether the injury was the result of defendant's negligence or it resulted from the want of care and diligence on the part of the plaintiff. That one is a passenger and fully entitled to protection as such affords no reason why he should not, in alighting from a train, bring to bear not only his judgment as a reasonable man as to whether it would be safe for him to alight or not at a particular place; but if he had a knowledge of the locality and personally knew the conformation of the ground at that locality, or of any impediments or obstacles to his safely alighting there, it was his duty, with a due regard to his own safety, of which he is not relieved under any circumstances, to have acted upon such knowledge as he had; and if he had knowledge that any such defects or impediments existed, so as to make his alighting dangerous, it was negligence in him to attempt to alight at such place; and whether he had such knowledge or not, and, if he had, the extent of it, were questions for the jury, and the substance of the direction of the court was that the jury should consider what knowledge he had of the particular place at which he alighted. It was shown by the evidence that he lived near the place and was to a greater or less extent familiar with it. This familiarity, if it existed, would enter largely in determining the question whether he was himself negligent in doing the act by which he was injured, and his knowledge or want of knowledge of the place was a material circumstance to be considered by the jury. There was no error in overruling the motion for new trial.

*Judgment affirmed. All the Justices concurring.*