2647.       SOUTHERN RAILWAY Co. *et al. v.* ACREE.

RUSSELL, J. 1. The inference prejudical to a party to a cause, which may be indulged on account of the absence of a witness whose testimony was accessible to him, but who was not produced, is not dependent upon the fact that the witness is his employee. The fact that an employee

of a railroad company has for any reason quit the service of the company prior to the trial of a case in which his testimony might be material is not of itself necessarily sufficient to rebut the presumption that the charge or claim against the railroad company was well founded, if it appears from the facts and circumstances of the case that he knew or ought to have known the truth as to material matters concerning the case under investigation. The fact that a party has in his service and under his control a witness whom he fails or omits to produce may add force and weight to the presumption that if the witness had been produced his testimony would have been unfavorable to the contention of the master; but the presumption may arise from any circumstance which shows that the presence of the witness was known to the party who failed to produce him. Of course, in a case in which either party might have produced the witness, it would depend upon attendant facts and circumstances whether any inference prejudicial to either party would be raised by the failure on the part of one party rather than the other to procure the testimony of the absent witness. The court did not err in refusing to charge the jury that if the evidence showed that an absent witness was no longer in the employ of the railroad company, no unfavorable conclusion could be drawn from the failure to produce him as a witness.

2. The law does not make it the duty of litigants to produce a certain number of witnesses, or all of the witnesses, to a fact at issue; and if a litigant sees proper to rest his case upon one witness, even though others be accessible, he but exercises his right, though if he fails in any case to produce witnesses that are accessible, he subjects himself to the consequences which may result from the jury's drawing the inference that the witnesses would, if produced, have testified to facts prejudicial to him. The failure to produce witnesses who are accessible to a party will authorize counsel of the opposite party to argue before the jury that, if they be in doubt as to the truth of the transaction, they would be authorized to infer that if the absent witnesses had testified, the testimony would have been prejudicial to the party who might most easily have produced them.

3. There is no merit in the contention that the discretion of the trial judge was not exercised in his order overruling the motion for a new trial. It is manifest, from the verbiage of the order of the court, that the fact, incidentally stated, that there had been two trials of the case, one of which had resulted in a mistrial, was merely a circumstance which perhaps had a persuasive bearing upon the court's mind in reaching a conclusion, or in fortifying a conclusion the court had already reached. While the trial judge must always exercise his full discretion in passing upon motions for new trial, the order of the judge in this case does not indicate that he was of the opinion that his power to grant a new trial was in any way restricted by the fact that there had been two trials. On the other hand, construing the order as a whole, the statement of the judge appears to be made merely as affording additional reasons confirmatory of his personal judgment approving the verdict.

4. The trial was free from error, the evidence authorized the finding of the jury, the verdict was approved by the trial judge, and there was no error in refusing a new trial.          *Judgment affirmed.*

DECIDED FEBRUARY 25, 1911. REHEARING DENIED MARCH 1, 1911.

Action for damages; from city court of Atlanta—Judge Reid. April 23, 1910.

*McDaniel, Alston & Black*, for plaintiffs in error.

*Westmoreland Brothers*, contra.