## 5615. WHITLEY v. THE STATE.

RUSSELL, C. J. 1. A plea of former jeopardy which does not set forth a copy of the accusation on which it is alleged the accused was previously tried is fatally defective, and may properly be stricken, on demurrer pointing out that defect.

2. The trial judge may, upon his own motion and in the interest of a fair trial, exclude from the list of jurors a panel of twelve which has already rendered a verdict between the same parties, involving the same subject-matter.

3. Assignments of error not verified by the trial judge can not be considered.

4. Although it be shown by evidence, on the trial of one charged with the sale of intoxicating liquor, that a sale of such liquor was made in the presence of the defendant, it is error to charge the jury that if such a sale was made in his house by some other person, that would raise a presumption that it was the defendant's business, and the burden would be upon him to show that he had no connection with it.

5. The rule that where a party has evidence in his power and within his reach, by which he may repel a claim or charge against him, and omits to produce it, or, having more certain and satisfactory evidence in his power, relies upon that which is of a weaker and inferior nature, a presumption arises that the charge or claim is well founded (Civil Code, § 5749, Penal Code, § 1015), has no application to criminal cases, and should not be given in charge to the jury upon the trial of one charged with crime; for the accused is not required to prove his innocence, but may rely upon failure of the prosecution to satisfy the jury of his' guilt. *Mills* v. *State,* 133 *Ga.* 155 (65 S. E. 368); *Williamson* v. *State,* 9 *Ga. App.* 442 (71 S. E. 509).

6. The grant or refusal of permission to the defendant's counsel to propound questions to him, or to direct his attention to a specific matter,

37

when the defendant is making his statement, is within the discretion of the trial court. This discretion is to be sparingly exercised, but its exercise will not be controlled except in cases of manifest abuse. There was no abuse of discretion in the present case.

7. For the reasons stated above, in the 4th and 5th paragraphs of the decision, the trial judge erred in refusing a new trial.

*Judgment reversed.*

DECIDED MAY 14, 1914.

Indictment for sale of liquor; from Cherokee superior court— Judge Patterson. March 10, 1914.

*Howell Brooke,* for plaintiff in error.
*Herbert Clay, solicitor-general,* contra.