## FOUNTAIN *v.* FULLER E. CALLAWAY COMPANY.

1. The court did not err in charging the jury as follows: "Fraud may not be presumed, but, being in itself subtle, slight circumstances may be sufficient to carry conviction of its existence." Civil Code, § 4626. *Hoffer* v. *Gladden*, 75 *Ga.* 532.

2. There being some evidence to authorize the instruction, the court did not err in charging the jury in the following language: "Where a party has evidence within his power and within his reach by which he may repel a claim or charge against him, and omits to produce it, or, having more certain and satisfactory evidence in his power, relies upon that which is of a weaker and inferior nature, the presumption arises that the charge or claim is well founded."

3. It was not error to refuse to dismiss the case, on motion of the defendant, on the ground that proper affidavit in the case had not been filed. The overruling of such a motion is not proper subject-matter of a ground of a motion for a new trial, but, if meritorious, should be made the subject of a direct exception.

4. The court erred in charging the jury as follows: "If a man buys property from another and soon afterwards sells that property for less than he paid for it, that is evidence of a fraudulent intention not to pay for it at the time he purchased it." This charge contained an expression of opinion on the facts of the case.

5. There being some evidence to show that the defendant had falsely and fraudulently made certain misrepresentations as to his ownership of a described tract of land, and that the plaintiff relied upon these representations in making the sale of the goods sued for, the court did not err in giving to the jury the following instruction: "Although you may believe that the defendant, R. L. Fountain, was solvent and able to pay his debts, if he represented to the plaintiff that he had certain property, and these goods were sold upon such representation and the plaintiff relied upon it, and that was not true, and made to deceive him, or made recklessly, and had the effect of deceiving the plaintiff, then that would void the sale, and the plaintiff would have a right to rescind it and sue for the property; would have a right to recover it."

6. The court's rulings in the admission and exclusion of evidence, which are complained of in the motion for a new trial, are not error for any of the reasons assigned.

JANUARY 15, 1916.

Trover. Before Judge Edwards. Douglas superior court. December 22, 1914.

Fuller E. Callaway Company brought an action of trover against R. L. Fountain Jr., to recover certain personal property consisting of various articles of dry goods. The plaintiff based its right to recover upon the ground that the goods had been procured from it by fraud on the part of the defendant. The fraud, it was contended, consisted in the making by the defendant of certain fraudu-

lent and false representations as to his ownership of described property, upon which representations the goods were sold and shipped by the plaintiff, and but for which they would not have been sold; and in that when the defendant obtained the goods he was insolvent and did not intend to pay for them. The defendant answered, denying that the title of the goods sued for was in the plaintiff, contending that the goods had been bought of the plaintiff to be paid for after a stipulated period, and that they had been delivered to the defendant and the title had passed to him; and he pleaded by way of recoupment that he was entitled to recover of the plaintiff damages in a stated amount for the seizure of the goods under bail-trover process, and for injury to his credit, reputation, and standing as a merchant, and also for the value of certain goods which, it is alleged, were not included among the goods sued for, but were seized and taken at the time the other goods were seized. Upon the trial the jury returned a verdict finding for the plaintiff a certain amount, and a smaller amount for the defendant; the last-mentioned sum being, apparently, for goods of the defendant which were seized but were not a part of the goods sued for. The defendant made a motion for a new trial, which being overruled, he excepted.

*J. S. James* and *J. R. Hutcheson,* for plaintiff in error.

*M. U. Mooty* and *Hatton Lovejoy,* contra.

BECK, J. (After stating the foregoing facts.)

1-3. The rulings made in headnotes one to three require no elaboration.

4. Exception is taken, in one of the grounds of the motion for a new trial, to the following charge of the court: "If a man buys property from another and soon afterwards sells that property for less than he paid for it, that is evidence of a fraudulent intention not to pay for it at the time he purchased it." This charge is excepted to upon the ground that it was an expression of opinion on the facts of the case. We think the exception is well taken. And in the case at bar it happens to be an expression of opinion on certain very material facts adduced in evidence. Witnesses were introduced to show that the defendant, who was a retail merchant, had, at a time near that at which he had made the purchase of the goods involved in the present suit, been selling a quantity of merchandise to various customers for less than their cost at whole-

sale. But whether the charge had reference to important testimony or not, it was applicable to material testimony in the case, and, being an expression of opinion by the court on the facts, requires a reversal at our hands.

5. Plaintiff in error in another ground of the motion for a new trial complains of the following charge of the court: "Although you may believe that the defendant, R. L. Fountain, was solvent and able to pay his debts, if he represented to the plaintiff that he had certain property, and these goods were sold upon such representation and the plaintiff relied upon it, and that was not true, and made to deceive him, or made recklessly, and had the effect of deceiving the plaintiff, then that would void the sale, and the plaintiff would have a right to rescind it and sue for the property; would have a right to recover it." It is insisted that this was not a correct statement of the law of the case; that it virtually withdrew from the jury the main defenses of the plaintiff in error, to wit, that he was solvent and able to pay his debts. With this contention of the movant we do not agree. We think that whether or not the plaintiff in error owned a certain piece of real estate, which there is evidence to show he had represented himself as owning, was a material fact; and that willful misrepresentations in regard to that fact, which were relied upon by the vendor, which were made to deceive, and which did deceive, would be such a fraud as would void the sale. One having goods to sell might be quite willing to sell to a prospective purchaser where the latter had assets of a certain character, but quite unwilling to sell to him though he was the owner of sufficient assets of a different character, even if they were in value more than equal to the amount of his entire indebtedness. And if the representations as to the ownership by the defendant of the realty referred to were falsely and fraudulently made (and this was a question for the jury), such representations voided the sale of the goods so as to leave the title to them in the vendor, and the right to recover possession of the same, which two rights combined entitled the vendor to maintain the present action.

6. The court's rulings in the admission and exclusion of evidence, which are complained of in the motion for a new trial, are not error for any of the reasons assigned.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*