## HANSON *v.* McLENDON.

427

No. 7374.   APRIL 18, 1930.

*Pearce Matthews,* for plaintiff.in error.   *A. E. Wilson,* contra.

HILL, J. ■   H. O. McLendon brought suit against Mrs. M. C. Hanson on a mortgage note for $1315.46, given for the purchase-price of certain city property.   The plaintiff prayed for a judgment on the note; that a certain quitclaim deed executed by the plaintiff be surrendered and canceled; that plaintiff's lien be re-established by the cancellation of the quitclaim deed; that the defendant be enjoined from changing the status of the property sold to the defendant and described in Exhibit A of the petition; and that a receiver be appointed to take charge of the property, collect the rents, and hold them subject to the orders of the court.   The court granted a temporary restraining order.   On the trial the defendant assumed the burden of proof under the following admission:   "We admit that the plaintiff is the holder of the mortgage note sued upon, and would be entitled to a judgment on the mortgage note, except for the matters set up in the answer; and that the plaintiff is entitled to have a decree in the case, holding and finding that the quitclaim deed attacked in the petition does not affect or cancel the lien under the mortgage; and that the only issue is whether or not the purchase-price should be abated because of shortage in the measurement, and because of the alley, and because of certain funds that the defendant expended and which she says should be a lien on the property."   The plaintiff introduced no

evidence, and the case went to the jury on the evidence, oral and documentary, offered by the defendant. The trial resulted in a verdict for the plaintiff for the full amount of the mortgage note. The defendant filed an answer in which she admitted the execution and delivery of the note sued on, but denied indebtedness thereon, for the reasons that there was a shortage in the depth of the property for which the mortgage note was given as a part of the purchase-price thereof; that the property was impressed with a ten-foot alley which caused her damage in a certain amount; that there were certain outstanding liens against the property which the defendant was forced to pay.

It appears from the record in this case, by reference to the testimony oral and documentary, as well as the pleadings, that the defendant had secured an abatement in the purchase-price of the property in question, in the sum of $500, on account of an alleged shortage in the frontage of said property; and that a new contract was entered into between the plaintiff and the defendant, whereby the frontage of the property was given as 42 feet instead of 45 feet. It also appears that, after a verdict was rendered in favor of the plaintiff against the defendant for the amount sued for, the plaintiff in the court below voluntarily wrote off from the verdict the sum of $125, being the value of one half of the alleyway, which was contended for by the defendant as being the shortage to that amount, this amount being the interest that plaintiff had in such alleyway. It further appears by reference to the evidence of C. S. Mercer, surveyor, acting for the defendant, that he made a survey of the property purchased by the defendant on July 16, 1927, showing the actual metes and bounds of the property, and that this survey was made before the delivery of the deeds on July 21, 1927. The defendant therefore is chargeable with knowledge of the exact measurements of the property. It appears furthermore that the property was sold by metes and bounds, that the lot ran from one street to another, and that the property could be seen from one street to the other. The warranty deed from McLendon to Mrs. Hanson described the property as fronting 45 feet on Morgan Street and running "thence north parallel with Randolph Street 225 feet, *more or less* [italics ours], to Linden Street, as formerly proposed, thence west 42 feet, thence south 225 feet to Morgan Street at the point of beginning." The deed purported to convey a

one-half undivided interest. It is insisted by the plaintiff in error that she only received 42 feet front, and that she lacked some 55 or 60 feet in depth, and therefore she claims a diminution in the purchase-price of the land, and insists that the deficiency was so great as to justify the suspicion of fraud, wilful deception, or mistake, and that this difference would be recoverable no matter how valuable the entire tract might be. On the other hand the defendant in error insists that the plaintiff in error is estopped by her conduct from a recovery in this case; that her own surveyor had surveyed the property, giving the actual measurements thereof, and that he delivered the plat to her or her agent before the contract of purchase and sale was completed. In these circumstances the defendant is estopped from recovering the difference between the purchase-price agreed to be paid for the land and the amount of the shortage, if any.

In the case of *Mangham* v. *Cobb*, 160 *Ga.* 182, 185 (127 S. E. 408), it was held: "Where a city lot of land is sold in a body as containing a frontage of a certain number of feet, 'more or less,' and both parties have equal opportunity to judge for themselves, and both act in good faith, a deficiency in the quantity sold will not be apportioned; aliter where the vendor in the course of the sale is guilty of actual fraud in representing the frontage." And in *May* v. *Sorrell*, 153 *Ga.* 47, 53 (111 S. E. 810), it was said: "The fact that the deed from May to Turner describes the land as containing forty acres, more or less, when the land within the boundaries of this deed amounts to ninety-two acres, will not defeat the claim of Sorrell to all the land within these boundaries, if he purchased the same from Turner and paid therefor. When land is conveyed by metes and bounds, whether there be more or less than the quantity named in the deed, the purchaser obtains the whole of it. *Benton* v. *Horsley*, 71 *Ga.* 619. So, Turner obtained all the land within the boundaries given in the deed from May to him, and when Sorrell bought the tract from Turner and paid him therefor, he obtained the whole of the tract, although it contained much more land than the quantity named in this deed."

■ Ground 1 of the amendment to the motion for new trial complains of the court's refusal to allow the defendant below to prove that the property purchased from McLendon, which she actually received, was so small that, in order to have garages for the tenants

of the apartment-house built on the land purchased, it was necessary to build those garages on other property. than that involved in this suit. This ruling was not error for any reason assigned. The fact that the defendant bought other property upon which to build a garage could have no bearing upon the issue involved in the instant case.

■ Ground 2 complains that in his charge to the jury, and in stating the contentions of the defendant, the court said that the defendant contended that "in truth and in fact there was an alley running across this land to a width of ten feet, and that there was a deficiency of some 33 feet in the depth of the land, and that because of this alley and this deficiency in the depth she was entitled to an abatement of the purchase-price." It is contended that the evidence showed that the deficiency was not less than 55 feet, and that in view of defendant's contention the foregoing was not a fair statement of movant's contention, and was prejudicial to movant and tended to minimize in the eyes of the jury the materiality and grossness of the discrepancy or shortage in the lot. While the court in stating the contentions of the parties was inaccurate in stating the number of feet of shortage claimed in the lot in question, yet he charged the jury also: "I have stated to you, gentlemen, the substance of the pleadings and of the admissions. In so far as the pleadings are concerned, you will have them out with you when you have the case under consideration, and you can and should refer to them as often as may be necessary to get the contentions of the parties." In view of the entire charge this inaccuracy will not cause a reversal.

■ Ground 3 complains that the court failed to charge the jury, and nowhere in his charge clearly and plainly stated to the jury, that "if the plaintiff sold the land to the defendant, representing it to contain between the boundaries of Morgan Street and Boulevard Place 225 feet more or less, knowing that the lot lacked approximately 45 feet of being as long as represented, and knowing that the defendant was buying the property for the purpose of building an apartment-house on that part of the lot fronting on Boulevard Place, and that the same by reason of said 45-foot shortage was not suitable for such purpose, and that the defendant bought the property on the faith of such representations and without knowledge or notice of the deficiency, then that the defendant would have a

right to recover if the true tract, as it proved to be, was, on account of being so small, worth less than it would have been as a part of the larger tract, which the defendant thought she was getting." The court did charge the jury: "If you find that the defendant is entitled to recover on her claim that there was a deficiency so gross as to justify the suspicion of wilful deception, or mistake amounting to fraud, then the measure of this abatement would be one half the difference between the value of the tract actually purchased and the tract actually delivered; that is, the true tract." The court did not err in failing to charge as complained of.

■ Movant contends in ground 4 that the court erred in charging the jury as follows: "And if you find for the defendant against the plaintiff, that is, that she is entitled to an abatement in the purchase-price on both of these items, you would add them together, and if less than the amount sued on (that is the amount of the note signed by the defendant and payable to the plaintiff), you would take this amount from the amount of the note, and the difference between the deduction and the amount of the note would be the amount that the plaintiff is entitled to recover, plus interest on this balance from the date of the note at the rate of seven per cent." It is insisted that this charge was error for the reason that it had the effect of instructing the jury, and tended to lead the jury to believe, that the defendant would be entitled to a reduction of the purchase-price only in the event she was entitled to an abatement on "both of these items," that is, for shortage in measurement and by reason of the fact that the land was "impressed" with an alley not excepted in her deed; and practically withdrew from the jury the right to allow the defendant a reduction from the purchase-price for either one of said items, both having been sued for. Elsewhere in the charge the court did instruct the jury upon the separate items, that is, both with reference to the alley and with reference to the deficiency in the depth of the lot; but it is insisted that the charge complained of, coming at the conclusion of the other charge, tended to leave the jury under the impression that plaintiff in error would have been required to sustain "both of these items," in order for a reduction in the purchase price of the land. In view of the entire charge this criticism is without merit.

■ The evidence authorized the verdict, and the court did not err in refusing a new trial.

*Judgment affirmed. All the Justices concur.*