20311.   CITY OF ATLANTA *v.* FEENEY.

Decided October 7, 1930.

*J. L. Mayson, C. S. Winn, J. C. Savage,* for plaintiff in error.
*Hendrix & Buchanan,* contra.

BLOODWORTH, J.   A. W. Feeney brought suit in Fulton superior court against the City of Atlanta, alleging that he had been injured in an automobile accident caused by the condition of the streets of the city.   The city filed a plea in which it denied liability. The case was submitted to the jury, and a verdict for $2500 against the city was rendered.   The city made a motion for a new trial, and when this was overruled it filed a bill of exceptions.

1.   The court did not err in admitting in evidence certain rules from the rule-book of the police department of the City of Atlanta.

These rules were tendered in evidence "en bloc" and a part of them was admissible in evidence. Certain of these rules were admissible in evidence because they show that the common-law duties of the policemen of the city had been enlarged, and that the policemen were not mere peace officers, but were chargeable with the duty of observing and inspecting the condition of the city streets. *Mayor etc. of Macon* v. *Morris,* 10 *Ga. App.* 298 (3) (73 S. E. 539); *City of Columbus* v. *Ogletree,* 102 *Ga.* 296 (3) (29 S. E. 749). Moreover, "where evidence is offered, some of which is admissible and some not, objection to the whole is not well taken." *Fambrough* v. *DeVane,* 141 *Ga.* 794 (3) (82 S. E. 249), and cases cited; *Townsend* v. *Hames,* 40 *Ga. App.* 834 (3) (151 S. E. 665).

2. Special ground 7 of the motion for a new trial alleges that the court erred in charging the jury as follows: "In this connection I charge you that if the plaintiff has two witnesses who have an equal opportunity to know the facts which the plaintiff seeks to establish, but calls only one of the witnesses, that no inference arises that the witness who was not put on the stand would testify differently from the witness who was put on the stand." The city claimed that the wife of the plaintiff was with him at the time of his injury; that she knew that the street was in a reasonably safe condition for travel; that she knew all the facts surrounding him at the time; and that under the law it was the duty of the plaintiff to introduce his wife as a witness. She was not put upon the stand. Section 5749 of the Code of 1910 is in part as follows: "Where a party has evidence in his power and within his reach by which he may repel a claim or charge against him, and omits to produce it, . . a presumption arises that the charge or claim is well founded." Where there is evidence to authorize the giving of this section of the code in charge, the court does not err in so instructing the jury. *Fountain* v. *Fuller E. Calloway Co.,* 144 *Ga.* 550 (2) (87 S. E. 651). Under this law, when the wife was not put upon the stand an inference arose that had she been introduced as a witness she would have supported the foregoing contentions of the city. At least counsel for the city would have been authorized to so argue to the jury. In *Southern Ry. Co.* v. *Acree,* 9 *Ga. App.* 105 (2) (70 S. E. 352), it was held: "The failure to produce witnesses who are accessible to a party will authorize counsel of the opposite party to argue before the jury that, if they be in doubt as

to the truth of the transaction, they would be authorized to infer that if the absent witnesses had testified, the testimony would have been prejudicial to the party who might most easily have produced them." However, in the foregoing excerpt from the charge in the instant case the judge told the jury that where a party has two witnesses and only one is put upon the stand, "no inference arises that the witness who was not put upon the stand would testify differently from the one who was put upon the stand." This charge shut off any argument by counsel for the city that when the plaintiff failed to introduce a witness under such circumstances as are mentioned above, such an inference arose; thus depriving the city of a very important argument it could make to the jury. In *Morgan* v. *State,* 124 *Ga.* 442 (52 S. E. 748), the first headnote is as follows: "The absence of a witness who is competent and cognizant of material and relevant facts is a proper subject of comment in the argument of counsel before the jury; and it is error for the court to give an instruction which entirely eliminates from the jury's deliberation the effect of such argument." This statement of the law, we think, completely covers the issue. See, in this connection, *Morgan* v. *State,* supra, 444, 445; *Saffold* v. *State,* 11 *Ga. App.* 329 (4) (75 S. E. 338); *Hunt* v. *State,* 81 *Ga.* 140 (6) (7 S. E. 142).

3. Plaintiff in error insists that the court erred in charging the jury as set out in ground 10 of the amendment to the motion for a new trial, as follows:. "He also contends in his petition that he is entitled to damages by reason of the fact that his earning capacity has been impaired. He says he has been permanently injured and will suffer at least 25 per cent. impairment in his earning capacity, and if you believe that he is entitled to recover in this case, this is a legitimate item which you will consider as to damages when you come to make up your verdict; and in passing on this item as to permanent disability, you will take into consideration all the facts and circumstances which the evidence shows as to this plaintiff's habits, the work in which he was engaged, his age, his health, his surroundings, and whether or not as he grows older his earning capacity would increase or decrease, and taking into consideration the fact that as old age comes on in the usual course of nature, that people don't work regularly every day, and taking into consideration the uncertainty of employment, and after you have con-

sidered all these elements you will determine for yourselves what would be, if anything, a fair amount to award the plaintiff by reason of permanent injury and permanent disability; and whatever amount you arrive at, you should reduce it then to its present cash value, because if this amount was strung out throughout his whole life it would not be worth as much as if paid to him in cash, and so you should reduce the amount you award him, if any, to its present cash value by any correct method you see fit, using seven per cent. as the legal basis of interest." Plaintiff in error insists that this charge is error because there was no evidence to show what the earning capacity of the plaintiff was, no evidence to show that his earning capacity was permanently diminished, and no evidence to show what the alleged impairment, if any, of the earning capacity was. The court began this portion of his charge by referring to the allegation in the petition that plaintiff says he would suffer at least 25 per cent. impairment in his earning capacity. There is no evidence to support this allegation in the petition and none to support the charge based upon said allegation. There must always be some evidence that will furnish the jury a reasonable basis upon which to estimate the loss or actual diminution of capacity to earn money. Where there is no evidence along this line, it is error to give such a charge to the jury. *Rome Ry. & Light Co.* v. *Duke*, 26 *Ga. App.* 52, 56 (105 S. E. 386); *Atlantic Coast Line R. Co.* v. *Anderson*, 35 *Ga. App.* 296 (4) (133 S. E. 63); *City of Atlanta* v. *Jolly*, 39 *Ga. App.* 282 (1) (146 S. E. 770).

4. As a new trial must result from the rulings stated in headnotes 2 and 3 (as amplified in subdivisions 2 and 3 of the opinion), and as some of the remaining assignments of error are without merit and others are not likely to recur on another trial, it is unnecessary to consider them.

*Judgment reversed. Luke, J., concurs. Broyles, C. J., concurs in the final judgment and in all the rulings except the one stated in the first headnote.*