27378, 27466.  SHIVER & BARNETT *v.* FIREMENS INSURANCE COMPANY; and *vice versa.*

DECIDED MAY 3, 1939.

*N. L. Stapleton, Bryan & Mobley,* for plaintiffs.

*Smith, Smith & Bloodworth, Bennet & Peacock, J. A. Drake,* for defendant.

GUERRY, J.  This was a suit by Shiver & Barnett, a partnership composed of E. L. Shiver and H. M. Barnett, on a fire-insurance policy.  Shiver & Barnett operated a furniture store in Colquitt, Georgia, which was destroyed by fire about 11:30, at night, on September 3, 1935.  Among other defenses interposed by defendant was that the building was set on fire by one of the plaintiffs, H. M. Barnett.  The proofs of loss as first submitted alleged that the value of the stock of goods was $7500.  It was later amended and the value claimed was $3560.  The stock of goods was covered by insurance in the sum of $5000.  These proofs of loss were signed by both partners.  Barnett alone appeared as a witness, although the other claimant, Shiver, was also present at the trial.  A great deal of the testimony was in reference to the reasons for the filing of claims stating a value of $7500 at one time and $3560 at another.  The jury returned a verdict in favor of the defendant.  Counsel for the plaintiffs say that the sole question involved in this case is whether or not the court erred in giving to the jury a charge as follows:  "Where a party has evidence in his power and within his reach, by which he may repel a claim or charge against him, and omits to produce it, or, having more certain and satisfactory evidence in his power, relies on that which is of a weaker and inferior nature, a presumption arises that the charge or claim is well founded; but this presumption may be rebutted."  Code, § 38-119.  We do not think this assignment of error well

founded. One of the circumstances relied on by the defense was the fact of the amount of insurance and the proofs of loss filed by both partners, one claiming $7500 and the other $3560. There is nothing in the record to show that the explanation for this discrepancy was not in the knowledge of Shiver as well as of Barnett, or that the amount of insurance taken a short time before the fire was not known to both partners. Such evidence may have been considered by the jury as a material circumstance in reference to a motive for the fire; and the failure to produce an accessible witness and party plaintiff who could explain warranted a charge by the court in reference to such omission. A party is not required to produce all witnesses; he may rest his case upon one witness, though another be accessible; but he subjects himself to the presumption arising from failure to so produce. *Southern Ry. Co.* v. *Acree*, 9 *Ga. App.* 104 (2) (70 S. E. 352).

Shiver was a party plaintiff; he was present at the trial. It was presumably within his knowledge as to the amount and character of the goods on which he obtained the insurance. If not, the reasons therefor were within his knowledge. He filed proof of loss at different times for different amounts. Barnett attempted to explain, but Shiver was silent. Although the evidence fails to show that Shiver was a material witness as to the events leading up to and surrounding the actual burning of the stock of goods, he did know in reference to the amount of the stock at the time and the reason why diverse proofs of loss were submitted, together with the total amount of insurance carried; and these were facts and circumstances which formed a part of the chain showing the alleged motive for the burning. While it is true that this principle is not applicable to criminal cases (*Whitley* v. *State*, 14 *Ga. App.* 577 (5), 81 S. E. 797; *Jones* v. *State*, 14 *Ga. App.* 811, 82 S. E. 470), and would not have been applicable had the defendant Barnett been tried for arson, it is true that in civil cases it may be a duty on the part of either party to the cause, where he has evidence in his power and within his reach by which he may repel a claim or charge against him, to produce it or suffer the presumption that the charge or claim is well founded. This rule applies irrespective of the burden of proof. The failure so to produce may give rise to the suggestion or presumption of evasion or concealment. See *Cotton States Fertilizer Co.* v. *Childs*, 179 *Ga.* 23, 29 (174 S. E. 708).

As was said in the *Childs* case, "It has been said, however, that this presumption is not one of law, but is one of fact. *Brothers* v. *Horne,* 140 *Ga.* 617 (3) (79 S. E. 468). Even so, where a stated set of circumstances will demand a particular inference, it is not error for the court to instruct the jury to that effect, provided the question of whether the circumstances do in fact exist is left open for determination by the jury." There was at least some evidence to authorize the charge given. *Fountain* v. *Fuller E. Callaway Co.,* 144 *Ga.* 550 (2) (87 S. E. 651). The evidence amply supported the verdict, and the court did not err in overruling the motion for new trial.

*Judgment affirmed on the main bill of exceptions. Cross-bill dismissed. Broyles, C. J., and MacIntyre, J., concur.*