33238. BEARDSLEY, executrix, etc., *v.* SUBURBAN COACH COMPANY INC.

DECIDED MARCH 1, 1951.

*Winfield P. Jones, Jack F. Broyles,* for plaintiff.
*John M. Slaton, J. Hugh Rogers,* for defendant.

MacIntyre, P. J. W. L. Beardsley brought an action for damages against Suburban Coach Company Incorporated, for injuries allegedly sustained while the plaintiff was alighting, as a fare-paying passenger, from one of the defendant company's busses. The jury returned a verdict for the defendant, and the plaintiff's motion for a new trial, based upon the usual general grounds and twenty-one special grounds, was overruled and he excepted. The trial court, on June 27, 1950, signed the bill of exceptions, which was filed in this court on July 22, 1950. On August 3, 1950, counsel for the plaintiff filed in this court a motion stating that the plaintiff died on July 14, 1950, and praying that Mrs. Selyna Gilmer Beardsley, as executrix of the will of the plaintiff, be substituted in the case for the plaintiff and be made a party. This motion was consented to by counsel for the defendant, and the case was heard at the September term of the court.

Each of the twenty-one special grounds, numbered 4 through 24, assigns error upon the court's charge to the jury. So that the portions of the charge excepted to may be considered in their proper context, the court proposes here to quote an extensive part of the charge and to enclose in brackets each portion of the charge excepted to, numbering each portion to correspond with the number of the ground of the motion for new trial in which error is assigned on such portion.

"Now, gentlemen, the plaintiff predicates his case against the defendant upon the charge that he was injured while a passenger of the defendant, a public service corporation known as a carrier of passengers for hire, under such circumstances as to render the carrier liable to him. It is contended that the plaintiff was a passenger of the defendant carrier at the time of his injuries. [ (Ground 8.) It is contended that Mr. Jackson was the driver of the defendant's bus at the time complained of and that he was negligent, and that negligence is the negligence of the defendant. Since Mr. Jackson was the driver of the bus and an employee of the defendant, engaged upon the business of that

company at the time it is charged his alleged negligence injured the plaintiff, I charge you that the defendant is chargeable with his negligence, if any, and if he was negligent, his negligence is imputed to the defendant and becomes the negligence of the defendant.] I charge you, gentlemen, that the law provides that a passenger is one who travels in some public conveyance by virtue of a contract, express or implied, with the carrier as to the payment of the fare. The law further provides that a carrier of passengers must exercise extraordinary diligence to protect the lives and persons of its passengers but is not liable for injuries to them after having used such diligence. The plaintiff bases his case upon the relationship of carrier and passenger. [(Ground 9.) I charge you that if the plaintiff boarded a bus of the defendant and paid his fare, under the law he would become a passenger of the defendant and the relation of passenger would exist from the time he boarded the bus until he reached the place of his destination and had been allowed reasonable time and opportunity to alight from the bus in safety and during the continuance of the relation the law imposed upon the defendant the duty of exercising extraordinary care for the protection of the person of the plaintiff. At the end of the journey the relation of carrier and passenger continues until the passenger has had a reasonable opportunity to depart from the bus in safety. After a passenger leaves a bus and has a safe footing on the street, the relationship of carrier and passenger is ended.] [(Ground 10) If you find that the plaintiff had completed alighting from the defendant's bus and had safely done so and the relationship of passenger had ended, then I charge you you could not find for the plaintiff and you would be compelled to find for the defendant.] [(Ground 11.) I charge you that if the plaintiff did hold onto the railing of the defendant's bus, or any part thereof, for an unreasonable length of time, and was guilty of lack of ordinary care in so doing, and on this account sustained an injury, then he cannot recover. [(Ground 12.) I charge you that the defendant is not responsible for any peril incurred after the plaintiff alighted in safety after this transportation.] [(Ground 13.) I charge you that if the plaintiff was well acquainted with the place where he alighted, he was chargeable with the knowledge of

the condition thereof and if, after having alighted at said place, he stumbled and fell, you shall find for the defendant.] [ (Special ground 14.) I charge you that if the plaintiff was injured by reason of a misstep or some personal affliction from which he suffered after he had alighted from the bus, he cannot recover] and you must find for the defendant. I charge you that if you find from the evidence that the plaintiff was physically afflicted and suffered such physical affliction before the accident, you should take this into consideration in arriving at your verdict and cannot charge any injuries occurring to the plaintiff on account of such physical affliction as against the defendant. [ (Ground 15.) I charge you that if the accident [injury] to the plaintiff did not happen substantially as set out in his declaration, he cannot recover and you must find for the defendant.] [ (Ground 16.) I charge you that if the plaintiff suffered from a fall not occasioned by any negligence on the part of the defendant, you must find for the defendant.] As I charge you, gentlemen, where the relationship of carrier and passenger exists, then the law imposes the duty upon the carrier of exercising extraordinary diligence for the protection of the passengers. [ (Ground 17.) Extraordinary diligence is that extreme care and caution which very prudent and thoughtful persons exercise under the same or similar circumstances. The absence of such diligence is termed slight negligence.] Negligence means the absence of, or failure to exercise, the degree of care required by law to be exercised. [ (Ground 18.) I charge you that the duty was on the defendant bus company and its driver in this case to exercise extraordinary, which is that extreme care and caution which very prudent and thoughtful persons exercise under the same or similar circumstances.] It is, therefore, for you to determine whether or not the defendant bus company and its driver exercised extraordinary diligence or extreme care or whether it was guilty of slight negligence, insofar as the particulars charged, or any of them, provided you find, gentlemen, that the relationship of passenger and carrier existed at the time of the alleged injuries of the plaintiff. [ (Ground 19.) Now, gentlemen, you will examine the specifications of negligence set out in paragraph 9 of the plaintiff's petition, and the amendments thereto, except those items of sub-paragraphs (a) and

(b) which are excluded from your consideration, and you will determine from the evidence whether or not any of those alleged acts or omissions constituted slight negligence. If you find that the defendant was guilty of any of such alleged acts or omissions and that such constituted slight negligence, or the absence of extraordinary care and diligence, under the facts and circumstances, then you would go further and determine whether or not they, or any of them, were the proximate cause of plaintiff's alleged injuries.] In the event you find negligence on the part of the defendant in the respect just referred to, you would then proceed to your consideration of the case in the light of the further charge which the court gives you." There were no requests to charge.

The plaintiff contends: That the "various excerpts from the charge of the court complained of in grounds 8, 9, 10, 11, 12, and 13 of the amended motion for new trial, instructing the jury as to the duty of the defendant carrier to exercise extraordinary diligence for the protection of an alighting passenger, are basically erroneous . . as complained of specifically in the said grounds . . because said charges erroneously instructed the jury that the duty of the carrier is fulfilled when the passenger gets off the bus at his destination. . . The true rule as to the carrier's duty to exercise extraordinary diligence to protect an alighting passenger is not only to take the passenger to his destination and give him a reasonable time to depart from the conveyance but also to see to it that he is safely deposited at destination and has secured a safe footing upon the street and has safe means of safe locomotion therefrom before the conveyance is moved. *Jordan* v. *Wiggins*, 66 *Ga. App.* 534 (18 S. E. 2d, 512); *Georgia Power Co.* v. *Weaver*, 68 *Ga. App.* 652 (23 S. E. 2d, 730); Carriers, 13 C. J. S. §§ 723, 729, pp. 1353, 1367, citing cases." As to grounds 14, 15, 16, 17, 18, and 19, the plaintiff contends that the inaccuracies in the charge complained of in these grounds entitled him to a new trial.

1. The excerpts complained of in grounds 8, 16, 17, and 18 of the amended motion for a new trial are not referred to or argued in the plaintiff's brief, and are treated as abandoned.

2. The excerpt referred to in ground 13 is controlled ad-

versely to the plaintiff's contention by *Sanders* v. *Southern Ry. Co.*, 107 *Ga.* 132 (4) (32 S. E. 840).

3. Relative to ground 15, we think it obvious that the jury understood that the court meant "injury" and not "accident."

4. Relative to grounds 9, 10, 11, and 12, we think that, in stating the general rule relative to when the relationship of passenger and carrier of a street railway company begins and terminates, various correct forms of expression have been used. Whether the one or the other of such expressions is used, if the street railway company discharges its duty which it owes to its passengers in its cars, it cannot be held liable. *Georgia & Florida Ry.* v. *Thigpen*, 141 *Ga.* 90, 93 (80 S. E. 626). The language of various expressions used in charging the jury has sometimes been approved, but not as absolute definitions of the relationship of carrier and passenger, but as dealing with questions involved in each particular case. In the instant case, the court stated the general rule relative to when the relationship of carrier and passenger begins and terminates, and such statement is in accord with the cases cited in *Georgia & Florida Ry.* v. *Thigpen*, supra; *Georgia Power Co.* v. *Weaver*, supra, and citations; *Brunswick & Western R. Co.* v. *Moore*, 101 *Ga.* 684 (28 S. E. 1000); *Co-op Cab Co.* v. *Singleton*, 66 *Ga. App.* 874 (19 S. E. 2d, 541); *Southeastern Greyhound Corp.* v. *Graham*, 69 *Ga. App.* 621 (26 S. E. 2d, 371); *American Casualty Co.* v. *Southern Stages*, 70 *Ga. App.* 22, 29 (27 S. E. 2d, 227).

These excerpts from the charge, complained of in these special grounds, are not in conflict with *Jordan* v. *Wiggins*, supra, or *Georgia Power Co.* v. *Weaver*, supra.

The excerpts upon which error is assigned in grounds 9, 10, 11, and 12 are not basically incorrect or subject to the objections urged against them.

5. Upon a careful examination and consideration of grounds 14, 15, and 19, we do not think that the excerpts from the charge complained of therein are subject to the objections urged against them, that they are inaccurate and confusing, when the entire charge is considered and we look to the context in which each of these excerpts was used. These grounds are without merit.

6. In stating the plaintiff's contentions as contained in paragraph 5 of the petition, the court charged in almost the identical

language of that paragraph of the petition, as is shown below. At points in this portion of the charge where the language of the court varied from that of the paragraph, the language of the court is enclosed in parentheses, while that of the paragraph of the petition as finally amended is enclosed in brackets: "He says that on July 1, 1948, at about 11:30 a. m., he was a lawful passenger on said bus, having paid his fare in full, and was alighting therefrom at the corner of Semmes Street and Linwood Avenue in East Point, Georgia, with care by reason of his infirmities, his left arm being in a sling and (his left leg dragging slightly) [his left leg moving slightly slower than his right] and just as his feet touched (the ground) [the soft grass which covered the shoulder of the sidewalk] and before he loosened his grip upon the bus and before he could steady himself (upon the ground) [the said soft grass and before he could obtain a safe footing after alighting] or had taken a single step away from said bus, the operator thereof, one Bruce Johnson, stepped on the gas and drove away at high speed and in doing so, knocked [jerked and threw] your petitioner around in such a manner that he was thrown backwards with great force, flat upon the concrete sidewalk, and injuring him as hereinafter set forth."

The court thereafter charged almost in the identical language of paragraph 9 of the petition, in stating the plaintiff's specifications of negligence. As we have just done in dealing with the charging of paragraph 5, in quoting the court's charge, where the language of the court varied from the language of paragraph 9 as finally amended, the court's language is enclosed in parentheses while that of the paragraph is inserted in brackets: "Now beginning with (c) he alleges as follows: In knocking petitioner to the ground and injuring him and by amendment he has stricken 'to the ground and injuring him' and added in lieu thereof the following words 'off- balance and causing him to fall to the ground by reason of the moving [of the] bus before petitioner had released his hold on said bus.' (d) In starting said bus before petitioner could release his hold thereon and step away from said vehicle. (e) In not seeing that petitioner was safely on the ground and away from said bus before starting it. (f) In starting and driving away without giving

petitioner any warning of his intention to do so. (g) In starting and driving away at a fast speed before petitioner could steady himself on the ground and step away from said bus. (h) In not allowing petitioner sufficient time to alight and leave said bus before starting away at high speed. [(i) In starting said bus before petitioner had obtained a safe footing on the grass, and before he was in a position for safe locomotion.]" Although the court omitted specification (i) from its charge, in view of the fact that specification (e) is substantially the same specification, being couched in somewhat different words, it seems to us that, in view of having charged specification (e), together with the other specifications of negligence enumerated in paragraph 9, the jury thoroughly understood with what negligence the plaintiff was charging the defendant. Save for those variations noted above in the quotation of the charging of paragraph 5 as amended, the language was almost identical with the plaintiff's petition, and was not, we think, misleading or confusing to the jury. Moreover, the court further charged the jury: "Gentlemen, the plaintiff's petition and the amendments thereto and the defendant's answer will be out with you when you go to deliberate on your verdict in this case and they are sent out with you so that you can refer to them and determine for yourselves, in particular detail, as to the contentions of the plaintiff on the one hand and the defendant on the other."

It does not appear to us, from a consideration of the charge as a whole, that the excerpts complained of were prejudicial to any rights of the plaintiff or misleading to the jury for any reason assigned. *Hanson* v. *McLendon,* 170 *Ga.* 426, 430 (3) (153 S. E. 46); *Carroll* v. *Hill,* 80 *Ga. App.* 576, 580 (8) (56 S. E. 2d, 821); *Radney* v. *Levine,* 75 *Ga. App.* 137, 141 (42 S. E. 644). Grounds 4 and 5 of the motion for a new trial are without merit.

7. In special ground 6, the plaintiff assigns error upon that portion of the following charge which is enclosed in parentheses: "I charge you, gentlemen, a witness may be impeached by disproving the facts testified to by him (I charge you a witness may be impeached by contradictory statements previously made by him as to matter relevant to his testimony and to the case. I charge you that when a witness shall be successfully contra-

dicted as to a material matter, his credibility as to other matters shall be for the jury, but if a witness shall swear wilfully and knowingly falsely, his testimony shall be disregarded entirely unless corroborated by circumstances or other unimpeached evidence. The credit to be given to his testimony, where impeached for contradictory statements out of court, shall be for the jury to determine. A section of our law [Code, § 38-1803] provides that a witness may be impeached by contradictory statements previously made by him as to matters relevant to his testimony and to the case. Thus, one method of impeaching a witness is by showing that he made statements out of court at variance with his testimony on the witness stand, and when an attempt is made to impeach a witness by this method, whether such attempt, as in all other attempts to impeach a witness, is successful, is for the jury. If the jury believes, from the evidence, that any witness in the case had made statements at any other time or place at variance with his testimony in the case, the jury has the right to take such facts into consideration in determining the weight to be given the testimony of such witness and, though not required to do so, the jury could or might reject the testimony of the witness entirely.)

The errors assigned upon this portion of the court's charge are: (1) because it is not sound as an abstract principle of law; (2) because the charge was not applicable to the pleadings and evidence in the case, and more especially because there was no evidence that any alleged contradictory statements made by the plaintiff were wilfully and knowingly falsely made, such as to afford ground for his impeachment as a witness; (3) because the charge created the impression that any contradictory statement made out of court, though not wilfully and knowingly falsely made, was conclusive of the impeachment of the plaintiff as a witness, and erroneously gave the jury authority to disregard the plaintiff's entire testimony in the case; and (4) because the charge instructed the jury that whether the witness was impeached so as to destroy his credibility was to be determined by its finding that the witness had been successfully contradicted, without furnishing any criterion or yardstick by which to determine whether or not a witness had been successfully contradicted, as distinguished from successfully impeached.

The judge charged the jury on the rule of impeachment of a witness by disproving the facts testified to by him. This was in the language of Code § 38-1802. He followed that rule by charging the rule of impeachment by proof of contradictory statements of a witness. In this he used the applicable part of the language of Code § 38-1803. He then charged the rule on impeachment embodied in Code § 38-1806 with respect to a witness who knowingly and wilfully swears falsely on a matter material to his testimony and the case. This part of the charge was in the applicable language of § 38-1806. Under the provisions of that section, the admitted discrepancies in the testimony of the plaintiff's witnesses on material matters in the interrogatories taken for use in the case and in the verbal testimony delivered on the trial, as well as the discrepancies in the verbal testimony on the trial itself, authorized the court to charge on total rejection, which is provided for in Code § 38-1806. The court then charged the jury a particular or more detailed statement of the rule embodied in Code § 38-1803. Under the rule laid down in *Smaha* v. *George,* 195 *Ga.* 412 (24 S. E. 2d, 385), the charge excepted to in this ground, which has been quoted above, is not error for any reason assigned. See also *Milwaukee Mechanics Insurance Co.* v. *Davis,* 79 *Ga. App.* 70, 83 (52 S. E. 2d, 643); *Jones* v. *State,* 70 *Ga. App.* 431 (28 S. E. 2d, 373). Ground 6 of the motion for a new trial is without merit.

8. The plaintiff sued the defendant for a large amount of damages, based upon his physical injuries. One of the circumstances relied upon by the defense was that the plaintiff's left leg had been paralyzed prior to the occurrence in which it is alleged he was injured by the defendant. The plaintiff testified that his left leg had not been paralyzed prior to that occurrence. Dr. Jernigan, a witness for the defendant, testified that paralysis had affected the plaintiff's left side and left leg. The two doctors whose testimony was introduced in evidence had not seen the plaintiff until after the occurrence in which it is alleged he was injured by the defendant. It appears from the testimony of the plaintiff's wife that Dr. Howard was their family physician for several years prior to the occurrence, and had attended the plaintiff several months after the occurrence, but had not attended the plaintiff at the time he is alleged to have

been injured by the defendant. The court charged the jury in the language of Code § 38-119, as follows: "I charge you, gentlemen, 'Where a party has evidence in his power and within his reach by which he may repel a claim or charge against him, and omits to produce it, or having more certain and satisfactory evidence in his power, relies on that which is of a weaker and inferior nature, a presumption arises that the charge or claim is well-founded but this presumption may be rebutted.' I charge you that if either party in this case had in his power or control any evidence that would have illustrated any issue in this case and such party failed to produce it, you may infer it would have been against the party so failing to produce it, in the event you see fit to do so." The plaintiff contends that there was no evidence to authorize this charge.

"A party is not required to produce all witnesses; he may rest his case upon one witness, though another be accessible; but he subjects himself to the presumption arising from failure to so produce. *Southern Ry. Co.* v. *Acree,* 9 *Ga. App.* 104 (2) (70 S. E. 523). . . While it is true that this principle is not applicable to criminal cases (*Whitley* v. *State,* 14 *Ga. App.* 577 (5), 81 S. E. 797; *Jones* v. *State,* 14 *Ga. App.* 811, 82 S. E. 470), . . it is true that in civil cases it may be a duty on the part of either party to the cause, where he has evidence in his power and within his reach by which he may repel a claim or charge against him, to produce it or suffer the presumption that the charge or claim is well founded. This rule applies irrespective of the burden of proof. The failure so to produce may give rise to the suggestion or presumption of evasion or concealment. See *Cotton States Fertilizer Co.* v. *Childs,* 179 *Ga.* 23, 29 (174 S. E. 708). As was said in the *Childs* case, 'It has been said, however, that this presumption is not one of law, but is one of fact. *Brothers* v. *Horne,* 140 *Ga.* 617 (3) (79 S. E. 468). Even so, where a stated set of circumstances will demand a particular inference, it is not error for the court to instruct the jury to that effect, provided the question of whether the circumstances do in fact exist is left open for the determination by the jury.'" *Shiver & Barnett* v. *Firemens Insurance Co.,* 60 *Ga. App.* 57, 58 (2 S. E. 2d, 760). The excerpt from the charge here objected to left it for the jury to

determine whether or not there existed a state of facts from which the presumption would arise, and did not have the effect of invading the province of the jury. Judges frequently instruct the jurors that, if they find a stated set of facts existing, they should reach a certain conclusion, and such instructions are not improper where authorized by the evidence and where the facts if found as indicated would not reasonably point to any other conclusion. *Cotton States Fertilizer Co.* v. *Childs,* 179 *Ga.* 23, 29 (supra) ; *Fountain* v. *Fuller E. Callaway Co.* 144 *Ga.* 550 (87 S. E. 651). The court did not err in giving in charge the excerpt complained of in this special ground.

9. In that part of the charge complained of in ground 23, the court was instructing the jury upon the rules for determining the amount of the verdict in the event the jury found for the plaintiff. The court had previously instructed the jury that, in the event it found for the defendant, it was not to concern itself with these latter principles for determining the amount of the verdict; and, in view of the verdict for the defendant, whether the excerpt complained of was accurate or not—and upon this point we intimate no opinion—we cannot see in what manner the plaintiff could have been harmed by the instruction complained of. Ground 23 is not meritorious.

10. With reference to the excerpts from the charge complained of in grounds 20, 21, 22, and 24, the court seems in this case not to have given an absolute definition of the relation of carrier and passenger, but dealt with the question involved in this particular case. Whether one form of expression or the other is used, if a bus company discharges its duty to a passenger, it cannot be held liable. The court had previously charged the jury the general principles of law applicable to the issues in the instant case, and had enumerated certain facts necessary for a verdict in favor of the plaintiff and instructed the jury that, if it found that these facts were established by the proof, it should find for the plaintiff, and had also enumerated certain facts necessary for a verdict in favor of the defendant and instructed the jury that, if it found that these facts were established by the proof, it should find for the defendant. This is permissible. A judge need not confine himself to the abstract, but may instruct the jury with reference to the concrete.

*Haugabrooks* v. *Metropolitan Life Ins. Co.*, 63 *Ga. App.* 829, 834 (12 S. E. 2d, 163); *Martin* v. *State*, 57 *Ga. App.* 346 (195 S. E. 313); *Cox* v. *State*, 105 *Ga.* 610 (31 S. E. 650). " 'Instructions are considered as a series and it is not improper to refer in one instruction to another instruction in the charge.' " *Edwards* v. *A. B. & C. R. Co.*, 63 *Ga. App.* 212, 224 (10 S. E. 2d, 449). The instructions complained of in these four grounds of the motion for a new trial were a part of the enumeration of the facts which were necessary in order for the jury to find a verdict for the defendant and, when taken in their context and the charge is construed in its entirety, we do not think that they show any reversible error.

11. The charge of the court, when considered in its entirety, embraced the general principles of law applicable to the facts of the case, and none of the extracts upon which error is assigned were erroneous for any reason set forth in the assignments of error. If any amplification of the general principles which the charge contained had been desired, they should have been made the subject of appropriate and timely written requests.

12. The general grounds of the motion for a new trial are treated as abandoned.

The court did not err in overruling the motion for a new trial.

*Judgment affirmed. Gardner and Townsend, JJ., concur.*