34603, 34606.   SOUTHEASTERN WHOLESALE
FURNITURE CO. *v.* ATLANTA METALLIC
CASKET CO.; and *vice versa.*

DECIDED NOVEMBER 20, 1953.

*Johnson, Hatcher, Rhudy & Meyerson,* for plaintiff in error.
*Smith, Kilpatrick, Cody, Rogers & McClatchey, A. G. Cleveland, Jr.,* contra.

QUILLIAN, J. ■ The first special ground of the motion for new trial complains because the court permitted counsel for the defendant to ask a witness for the defendant, who had been qualified as a certified public accountant, whether from the witness's examination of the books of account of the defendant they indicated any sharing of profits or partnership arrangement between the defendant and Calimode, Incorporated, and permitted the witness to answer: "The books and records that I examined did not indicate any sharing of profits or partnership arrangement between these two parties." It is contended that this evidence was material and highly prejudicial and hurtful to the movant because, as movant contends, said evidence admitted opinion testimony in the form of a conclusion of law as to whether or not there was a division of profits or a partnership arrangement between the plaintiff and the defendant, and because this was an invasion of the province of the jury upon the sole vital issue of the case, as raised by the defendant's plea, namely that no joint venture existed.

This evidence was not objectionable for the reason assigned insofar as it stated that the books did not indicate any sharing of profits. This is true because the evidence was objected to as a whole, and a portion of it was admissible. When, as in this case, a single sentence objected to is in part admissible, the

objection cannot be sustained. *Calloway* v. *State,* 20 *Ga. App.* 189 (1) (92 S. E. 944); *City of Atlanta* v. *Feeney,* 42 *Ga. App.* 135, 136 (1) (155 S. E. 370).

Under numerous decisions of both appellate courts of this State, if the books and papers referred to by one qualified as an expert bookkeeper and auditor are in court and available to the parties to the case, such witness may express his opinion in the form of a conclusion as to what facts the books show; and there is nothing to indicate that the books and papers to which the auditor in this case referred were not available to the parties and in court at the time the witness testified. An expert in regard to the field of bookkeeping may from calculations testify what various entries disclose as to whom profits were or were not distributed and as to whether the profits were divided among or shared among the parties to the case, just as such witness might testify to whom money was paid from different designated accounts shown by the various books kept by the parties to the case or either of them. *Lewis* v. *State,* 82 *Ga. App.* 280 (60 S. E. 2d 663).

The testimony of a witness so qualified by training, knowledge, and experience in the occupation of an auditor or bookkeeper as to be considered an expert, is admissible to show that entries in the books did not indicate that profits were divided among or shared by the parties to the case, if this be a relevant fact that would throw light upon the issues in the case. The above holding does not mean that the witness could testify that the books indicated a joint enterprise or partnership. The witness could testify to the facts indicated by the books, but not as to the existence of any legal status that they, in his opinion, indicated.

■ The second special ground of the motion for new trial complains of the following portion of the charge of the court: "You understand, gentlemen, that before the plaintiff, Southeastern Wholesale Furniture Company, would be allowed to come into court and state what damage, if any, they suffered, and how they suffered it, and all the various details as to how they have been damaged, if they have, they have first got to show they have a right to sue this defendant. This defendant says: 'You have no right to sue me. I wasn't in partnership and

had no such arrangements as would form a joint enterprise or a joint venture that would make me liable to you.' The defendant in effect says: 'If you have any liability it is to the person who sold you these furnaces. He was merely a customer of mine. I was selling to him furnaces and at a specific designated price he was supposed to pay me for them, and he assigned me the accounts so I could be sure of getting my money. I have no responsibility to you in any way. You have no trade with me.'"

This portion of the charge was not subject to the criticism that it resolved the defendant's evidence most favorably to the defendant, where the evidence of the defendant was self-contradictory and in some instances diametrically opposite to the analysis contained in the charge. We have examined the evidence in this case with much care, and without going into an extensive review thereof, we may say that we find that it amply supports the view that the defendant and Calimode were not engaged in a joint venture. The defendant's principal contention was that it was merely an independent contractor for Calimode, building the furnaces designed by Calimode to Calimode's specifications and receiving from Calimode an agreed price for each furnace so built. While the characterization of the defendant's contentions in the charge complained of is perhaps in not as precise legal language as it might have been, it is not subject to the criticism that it misstated these contentions or overemphasized the defendant's evidence that was most favorable to the defendant while ignoring that which was unfavorable. The second special ground of the motion for new trial is without merit.

■ As indicated above, the evidence amply supported the verdict for the defendant on its plea of no partnership or no joint venture, and the trial court did not err in overruling the motion for new trial on the general grounds.

■ Having held that the motion for new trial by the plaintiff was properly overruled, it is unnecessary to pass on the issues raised by the cross-bill of exceptions, and the same is dismissed.

*Judgment affirmed on the main bill of exceptions. Cross-bill of exceptions dismissed. Sutton, C. J., and Felton, J., concur.*